### C. H. MALLORY & CO. v. ROBERT SMITH.
#### No. 2835.

1. **Damages.**—A warehouseman who receives freight and stores it so negligently as to cause personal injury to the agent of the owner or consignee who without negligence on his part attempts to handle it, is liable in damages for the injury inflicted.

2. **Same—Common Carrier.**—When freight transported by a common carrier to a seaport town is placed in warehouse for delivery to the consignee, and control thereof is assumed by the consignee, the delivery is complete; but if he so negligently places and leaves it that the consignee or his agent, in attempting and with reasonable care to remove the same, is injured by reason of the negligent manner in which it was left by the carrier, the latter is responsible in damages, provided no negligence of the consignee or his agent contributed to such injury.

APPEAL from Galveston. Tried below before Hon. Wm. H. Stewart. The opinion states the case.

*Willie, Mott & Ballinger*, for appellants.— 1. On alleged error in the first charge asked. Rev. Stats., art. 282; Laws. Usages and Customs, sec. 86.

2. On the second charge asked. Wintz v. Morrison, 17 Texas, 372; Bond v. Mallow, 17 Texas, 637.

3. On the third charge asked. Railway v. Foreman, 73 Texas, 311.

4. On the fourth special charge asked. Hutch. on Carr., secs. 355–59.

5. On the fifth charge asked. Railway v. Murphy, 46 Texas, 363; Railway v. Burns, 71 Texas, 479; 1 Greenl. on Ev., sec. 74; Railway v. Foreman, 73 Texas, 311.

*L. E. Trezevant*, for appellee.- -Appellee had a right to suppose upon entering the warehouse that by taking reasonable care of himself, all reasonable care had been used by appellant in the manner of stacking the cases of copper in order that no injury might occur. Appellant was held to the strictest care in stacking the boxes. Appellee was held only to that common prudence which would keep him clear of a manifest peril. Whitaker's Smith on Neg., secs. 13, 14, 215, 221, 224, 225; Cool. on Torts, 605; 1 Thomp. on Neg., secs. 5, 408; Whart. on Neg., secs. 347, 350, 826, 829, 860; Harriman v. Railway, 9 West. Rep., 438; Perry v. Smith, 9 Cent. L. J., 248; Campbell v. Sugar Co., 62 Me., 552; Branson v. Labrot, 81 Ky., 638. (The court say: "In stacking their lumber it was defendants' duty to so stack it as to make it safe against others.") Pastine v. Adams, 40 Cal., 87; Low v. Railway, 72 Me., 313; Bennett v. Louisville, 12 Otto, 577; Lane v. Atlantic Works, 111 Mass., 136; Carleton v. Iron Co., 99 Mass., 217; White v. France, 5 Cent. L. J., 218; Pittsburg v. Grier, 22 Pa. St., 54; Beck v. Carter, 68 N. Y., 283; Nave v. Flack, 90 Ind., 205. (The court say: "It would be a reproach to the law if it permitted a business man to invite others to come upon his premises for his own benefit, and yet permit him to put therein anything in the nature of a trap.") Salisbury v. Hirschinroder, 106 Mass., 458; Severy v. Nickeron, 120 Mass., 306.

GAINES, ASSOCIATE JUSTICE.—The appellee brought this suit in the court below to recover of appellant, a corporation, damages for personal injuries, alleged to have been caused by the negligence of its employes.

The undisputed facts, as shown by the testimony adduced upon the trial, are that the appellant as a common carrier transported to the city of Galveston certain boxes of copper and deposited them in its warehouse for delivery to the consignee. The boxes were each about six feet long, four feet wide, and four or five inches thick, and each weighed 500 or 600 pounds. When placed in the warehouse they were set up perpendicularly upon their edges. The consignee being ready to receive the freight, employed the appellee, who was a drayman, to haul it to its destination. Appellee went to the warehouse, and upon his placing his hand upon one of the boxes, or laying hold of it, it immediately toppled over and fell. In its fall it caught his leg between it and a post and caused a fracture of the limb. As to the degree of force which was applied to the box, and as to his intention in placing his hand upon it, the evidence was conflicting. The agent of the consignee accompanied appellee to the warehouse and was present when the accident occurred.

Appellee testified in his own behalf that he did not know the character of the freight to be handled, and that after entering the warehouse he merely placed his hand upon the box for the purpose of identifying it, and asked the agent the question, "Is this to go?" and that all the boxes

at once fell. Hinckeldey, the agent who employed appellee, testified that he told appellee at the time of the employment that the freight to be handled was three heavy boxes of copper and some other articles. He further testified: "Smith went up to the first box, and as soon as he lifted it the boxes all came over."

Upon cross-examination he said: "When he (Smith) saw them he said he did not believe they were so very heavy, and he went up to one of them and put his hand on one and sort of moved it, and it fell over."

There was evidence that it required as many as four men to place one of said boxes on a dray, and that one man should not have attempted to move them without assistance. There was also testimony to the effect that such boxes when laid flat were very difficult to handle, and that it was usual to set them upon edge. The stevedore of appellant who placed the cases in the warehouse testified that such was the proper and safe way to place them. On the other hand, there was evidence that the only safe manner of placing them upon edge was to lean them against some other object for a support.

The judge in his charge first instructed the jury as to what was negligence, both on part of a warehouseman and on part of a drayman, and then proceeded as follows: "If you believe from the evidence that the defendants or their employes were guilty of negligence in the manner of stacking the boxes of copper, and that such negligence caused an injury to the plaintiff, then the plaintiff would be entitled to a verdict for his damages, unless you believe from the evidence that the plaintiff by his own negligence contributed to his own injuries. The burden of proof is upon the plaintiff to show that he has been injured by the negligence of the defendant company or its employes. If you believe from the evidence that the plaintiff by his own negligence contributed to his injuries, the plaintiff can not recover any damages, even if the defendant company was also guilty of negligence." After stating the rule as to the measure of damages, the charge then continued as follows: "If you believe from the evidence that the plaintiff undertook to handle a box or test its weight alone, and that ordinary prudence would have dictated a different action, and that such action on part of plaintiff was negligence, proximately contributing to plaintiff's injuries, the verdict should be for the defendants."

The defendants then asked the court to give the following special instructions, all of which were refused:

"1. It is the duty of a carrier to safely transport and deliver goods. Carriers by sea perform this duty when they place freight upon the wharf where the consignee can take the same, and the consignee notified of the same. In this case, it being an undisputed fact that the boxes of copper were placed upon the wharf, and that the consignees, by their agent Hinkeldey, had assumed control of them, the delivery was complete, and no

fault attached to the carrier for nondelivery. The question then remains for you to determine whether the boxes were placed upon the wharf in the usual and customary manner, in a reasonably safe position, and in a position to be easily and readily handled. If you find from the evidence that the boxes were placed upon the wharf in a reasonably safe position, in the usual and customary manner for facility in handling, your verdict will be for defendants.

"2. The undisputed facts in this case show that the boxes had been landed on the wharf, that the consignees thereôf had been notified and had taken control of them for the purpose of removing them from the wharf, and that the accident occurred while they were being handled by the agent of the consignees and the drayman employed by said agent. This relieves the defendants from liability, and you will therefore find for defendants.

"3. The court charges the jury that the plaintiff can not recover if his own negligence contributed to the accident, because it is a principle of law that an injured person can not have damages if his own acts of negligence, omission, or commission aided to bring about the result he complains of. It was the duty of the plaintiff to have used reasonable caution and care to avoid the accident, and if you find from the evidence that the plaintiff, either through carelessness, recklessness, over confidence, or from the omission to perform reasonably cautious and prudent act or acts, contributed to the accident, he can not recover, even though the defendants may have been negligent in the first instance.

"4. In delivering freight the carrier is not an insurer against accidents to other parties. He is only called upon to place freight upon wharves or other landings in the usual customary manner, and in a reasonably safe position to be easily handled, and if he does this he is not responsible to any person who may accidentally be injured from handling said freight.

"6. The burden of proving negligence rests on the party alleging it, and where a person charges negligence on the part of another as a cause of action, he must prove the negligence by a preponderance of evidence.

"7. If you believe from the evidence that the plaintiff undertook to handle or test the weight of the boxes of copper alone, and that ordinary prudence would have dictated that more than one man should have been used for such purpose, and that such action on the part of plaintiff proximately contributed to the injury, then you will find for the defendants."

The refusal to give each of these instructions is made the subject of a separate assignment of error. The charges, as propositions of law, with the exception of the second, are correct; but so far as they were applicable to any phase of the case we think they were substantially given in the main charge. So much of the first instruction as related to the duty of

common carriers was not applicable to any issue presented by the pleading or the evidence. The defendants were not charged with liability growing out of the neglect of any duty as a common carrier. The same may be said of the fourth. The charge given upon the burden of the proof and that upon contributory negligence were all that could reasonably be required; therefore the court did not err in refusing the third, sixth, and seventh requests. The second charge requested is erroneous and was also properly refused. It would have absolved the defendants from any liability, although the boxes may have been stored in the warehouse in such a negligent manner that they were likely to inflict injury upon any one who was called upon to move them, however careful such person may have been in making the attempt.

There are several assignments of error which relate to the ruling of the court in refusing to grant the motion for a new trial. They are substantially based on two propositions; first, that the evidence failed to show negligence on part of the defendants' employes; and second, that it did show negligence on part of the plaintiff contributing to the injury. We do not assent to either proposition. We think that a box of the weight and dimensions of that which caused the injury in this case is dangerous to any one who may come in contact with it when it is set upon its edge without any lateral support. The jury were certainly authorized to infer this from the testimony in the case. They were authorized, too, to find that the danger could have been easily and conveniently obviated by placing the box upon its edge and resting it in an inclined position upon some other object. Such being the case, it was negligent to leave them without support. Nor is the verdict without evidence to support it on the issue of contributory negligence. Even disregarding his own testimony, we think the jury may have been justified in concluding that he was not negligent in attempting to move or to test the weight of the boxes. It appears from the evidence that freight of the dimensions and weight of these cases was rather unusual; and it does not appear that plaintiff had had any experience in handling boxes of copper of such size and shape.

While we think the testimony leaves no doubt that the boxes as placed upon edge were unsafe, we can not say that the danger was so obvious to a person inexperienced in handling packages of a like character as to require the jury to find that it was negligent in plaintiff to attempt to remove them. The jury, however, may have found that he did not make such attempt, but that he merely placed his hand on the box for the purpose of identity.

There is an assignment of error which complains of the refusal of the court to admit certain testimony, but the exception by which it was sought to reserve the question appears only in the statement of facts, which was

filed after the adjournment of the term, therefore it can not be considered.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered February 18, 1890.