S. B. HAMILTON V. TEXAS & PACIFIC R'Y CO.

(Case No. 5344.)

1. LIABILITY OF RAILROAD COMPANIES.— A railroad company must provide and maintain safe approaches to its stations and safe platforms, and is liable for injuries arising from its negligence in this respect, not only to passengers, but also to those who are on the premises for the purpose of welcoming or bidding farewell to passengers.

APPEAL from Tarrant. Tried below before the Hon. A. J. Hood.

On the 26th day of May, 1883, S. B. Hamilton, appellant, and Mollie F. Hamilton, his wife, instituted this suit in the district court of Tarrant county, Texas, against the Texas & Pacific Railway Company, to recover damages for alleged injuries suffered by Mollie F. Hamilton, by reason of her falling from a defective platform of the defendant railway company at Ben Brook, in Tarrant county, Texas, on defendant's line, by reason of its being improperly lighted and not provided with proper railings and safeguards.

On the 26th of November, 1884, Mollie F. Hamilton took a non-suit, and the suit then proceeded in the name of S. B. Hamilton.

The petition in substance alleged that the defendant was a railway corporation, organized under the laws of Texas, and owned and operated the railway and appurtenances thereto belonging, known as the Texas & Pacific Railway; that the railway extended from Texarkana, Bowie county, Texas, to Ben Brook, Tarrant county, Texas, and through the county of Tarrant; that the company was a common carrier of passengers between those points, for hire; that the company had an office and representatives in the city of Fort Worth, Tarrant county, Texas; that the company had a depot, waiting-room and platform abutting on its railway at Ben Brook, Tarrant county, Texas, which were owned and used by the

---

company as a place for passengers to get on and off its trains, and over and along which all persons lawfully at the depot were accustomed and were authorized by the company to pass; that the platform was at a height of five feet from the ground; that the company, using and controlling the depot and platform as a place for passengers on its trains and their attendants to await the arrival of and get on and off its trains, and over which passengers and their attendants were accustomed and authorized by the company to pass for that purpose, and the depot being the regular stopping place for defendant's trains, were bound to keep the station and platform and the approaches thereto in a safe condition, and to provide lights for the depot and platform and the approaches thereto in the night time; all of which defendant, disregarding its duties as a common carrier, on the 27th of April, 1883, failed and refused to do; that on the night of that day defendant suffered its platform at the depot to be without proper railing and steps to protect against accidents to its passengers and their attendants. That at 3 o'clock A. M. on the morning of that day, plaintiff, S. B. Hamilton, and his wife, Mollie Hamilton, went to the depot to accompany and assist two old and decrepit friends of plaintiff and his wife, to wit, Benjamin Tolson and wife, who had been visiting at their house and who were now about to take defendant's east-bound train at the depot.

That while plaintiff's wife was passing along the platform, assisting Tolson and wife to go from defendant's waiting-room in the depot and to get aboard the defendant's east-bound train, the same being the customary way for passengers and their attendants to go for such purpose, of which defendant had notice, and that, being wholly unaware of danger, plaintiff's wife, without fault or negligence on her part, and by reason of defendant's wilful and careless disregard of its duty as a common carrier in failing to provide safe and necessary steps and railings about its platforms and approaches thereto, and to provide necessary lights burning about the platform, was then and there precipitated from the platform and thrown violently upon the ground, whereby she was greatly injured, being wounded and cut in so much that she was caused great pain and became sick, lame and sore, in which condition she has since continued by reason of the injuries, and is compelled in consequence of the same to go about on crutches; that she has been permanently injured, and is unable to attend to her household duties.

Plaintiff sued for $25,000.

The defendant answered by general demurrer and special excep-

Opinion of the court.

tion, as follows: For special exception, that it appears from the petition and amendments thereto that plaintiffs were not at the defendant's depot and platform as passengers, intending to take the train, but were on the platform for the purpose of assisting adult persons in taking passage on the train, and no other business, as alleged in the petition and amendments, and defendant says that it owed plaintiff no special duty with regard to the platform at the time of the alleged injury sustained, and that defendant is not liable in law therefor, and of this prays judgment.

The court sustained this exception and (the plaintiff declining to amend) dismissed the case.

*Carter & Wynne*, for appellant, cited: Pierce on Railroads, pp. 274-5, note 4, p. 276; Wharton on Negligence, 642; Rorer on Railroads, pp. 475, 477, 1130; Lacy's Railway Digest, p. 736, secs. 10, 13, 17, 20; Gillis *v.* Penn. Cent. R. R., 59 Pa. St., 129; Same Case, 8 Am. Law Reg., p. 729; Tobin *v.* Railroad Co., 8 Am. Rep., p. 415; Knight *v.* Railroad Co., 8 Am. Law Reg., 622; Lucas *v.* Railroad Co., 6 Gray, 64; McKone *v.* Mich. Cent. R. R. Co., 13 Am. & Eng. R'y Cases, pp. 29-31, and authorities there cited to note; Pittsburg, etc., R. R. Co. *v.* Bingham, 29 Ohio St., 374; 67 Ill., 262; 59 Mo., 27; 34 La. Ann., 777; Campbell *v.* Portland Sugar Company, 62 Me., 552; S. C., 16 Am. R., 503; Sweeny *v.* Old Colony & New Port R'y Co., 10 Allen, 372-375.

No briefs on file for appellee.

Walker, J. Com. App.— The court erred, we think, in sustaining defendant's special exception to the plaintiff's petition. The principle seems to be well settled that a railroad company " is under a special duty to persons who come upon its premises for the purpose of doing business with it as a common carrier. In this case it gives an invitation as well as a license, and does so under the expectation of profit therefrom. It must provide and maintain for them safe approaches to the station and safe platforms." Pierce on Railroads, 275.

The important question in this case is, whether the plaintiff shows, under the facts alleged in his petition, that he and his wife are persons who are to be regarded as being embraced within the above rule. The limitations of the rule as to those who are, and those who are not, comprehended within it, are fully stated in several well-considered cases of high authority, and, without attempt-

ing a discussion of the subject, we will content ourselves with following what seems to be the rule established by those decisions, to the effect that the plaintiff is clearly within the protection of the rule. Among those to whom the company is under this obligation are "persons who are on the premises to welcome the coming or speed the parting guest." See Pierce on Railroads, *supra*. The plaintiff and his wife occupied that relation, and more; they went to the defendant's depot as assistants as well as friends, in order to aid two old and decrepit persons whose business there was to take the defendant's train. If the infirmities of passengers to go on the train required the assistance of friends to see them safely on board, servants or friends attending them for that purpose would clearly be in attendance at the depot under an invitation of the company as direct as that given to the passengers themselves, or to hackmen who carry them to and from the station.

In the case of Tobin v. Portland, S. & P. R. Co., 59 Me., 183, where a hackman who was accustomed to carry passengers to and from a railroad depot was injured by a defect in the platform, he was held entitled to recover upon the ground that he was there by the license and permission of the railroad company, and by the accommodation afforded by him to travelers actually contributed to help the company's business. 8th vol., Eng. & Amer. R. R. Cases, p. 551. And it seems to have been taken for granted, in the case of Langan v. Iron M. & S. R. R. Co., 72 Mo., 392; 3 Amer. & Eng. R. R. Cases, 357, that where a person was at a station helping off a friend with his trunk, the company was bound to exercise as to him due care. As to parties speeding and welcoming friends at railroad stations, the following cases are compiled in vol. 18, p. 156, Amer. & Eng. R. R. Cases, showing the liability of the company for injuries occasioned to such parties whilst at the station, viz.: Lucas v. New Bedford, etc., R. Co., 6 Gray, 64; Keokuk Packet Co. v. Henry, 50 Ill., 264; Doss v. Missouri, etc., R. R. Co., 59 Mo., 27; Langan v. St. Louis R. R. Co., 3 Am. & Eng. R. R. Cases, 355; McKone v. Michigan Central R. Co., 13 Am. & Eng. R. R. Cases, 29.

We conclude, therefore, that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted May 29, 1885.]