## T. & P. R'y Co. v. Robert T. Best.

(Case No. 5661.)

1. Liability of railways—Friends of passengers—It is the duty of a railway company to keep its premises in safe condition for the use of a friend of its passenger, aiding him to enter or leave its cars. Following Hamilton v. Railway Company, 64 Tex., and cases cited.

2. Same—This duty extends to the case of one who, having an appointment with a passenger, enters the company's premises, intending, in case the appointment be met, to become a passenger himself.

3. Contributory negligence—Charge—The test of the liability of one to the charge of contributory negligence is, whether a prudent person, in the same situation, and having the knowledge possessed by the one in question, would do the alleged negligent act. See opinion for charge held incorrect.

Appeal from Fannin. Tried below before the Hon. D. H. Scott.

This was an action to recover $12.000 damages for personal injuries. The answer contained a general denial and plea charging plaintiff with contributory negligence. The trial resulted in a verdict and judgment for plaintiff, fixing his damage at $2,500. The accident occurred at Savoy, a station on defendant's road. Plaintiff was expecting a friend,

with whom he had business, to arrive by defendant's train. As to the circumstances of the accident, plaintiff testified:

" On the evening of the accident I went to the depot to meet him, and if he was on the train, intended to take passage on the train as far as Sherman, or further, if necessary. Did not see him on the train. I heard some one call further west, and I thought he called my name, and I started to go there. There were so many people on the platform that I got off the platform on to the side track. When I walked down for some distance, I attempted to go across the platform to the coaches, and, in doing so, I stepped into a hole between the rail of the track and plank of the platform, my left foot hung under the edge of the platform and I fell on the platform; my left hand was on the rail of the main track just at the time the train started, and the wheel ran over it, mangling my fingers so that they had to be amputated."

*T. J. Brown* and *Evans & Evans*, for appellant, that the status of plaintiff while at defendant's depot was not such as charged defendant with the duty of protecting him, cited: Railway Company v. Price, 1 Am. and Eng. R'y Cases, 234; Leary v. Railway Company, 3 Am. and Eng. R'y Cases, 498; Railway Company v. Schwindling, 8 Am. and Eng. R'y Cases, 544; Gillis v. Railway Company, 8 Am. Law Reg., 729; Gillis v. Railway Company, 59 Penn. St., 129.

That the charge of the court upon contributory negligence was erroneous, they cited: Beach on Con. Neg., 39, 40, and authorities there cited; Railway Company v. Collins, 30 Am. Rep., 371, (87 Penn. St., 405); City of Erie v. Magill, 47 Am. Rep., 739, (101 Penn. St., 616; Mehan v. Railway Company, 73 N. Y., 585.

*Taylor & Gallaway* and *Hale & Baldwin*, for appellee, cited: Stewart v. Railway Company, 53 Tex., 289; Buenemann v. Railway Company, 18 Am. and Eng. R'y Cases, 153; Reneker v. Railway Company, 18 Am. and Eng. R'y Cases, 149; McKone v. Railway Company, 13 Am. and Eng. R'y Cases, 29; 2 Wood's R'y Law, 298, 310; Tobin v. Railway Company, 59 Me., 183; Carleton v. Railway Company, 99 Mass., 216; Railway Company v. McNamara, 59 Tex., 255; Porter v. Railway Company, 71 Mo., 76–80.

ROBERTSON, ASSOCIATE JUSTICE.—The principle which imposes upon a railway company the duty of keeping in safe condition its premises for the use of a friend of a passenger, aiding him to enter or leave the train, now well established by adjudicated cases (Hamilton v. R'y Co., 64 Tex., and cases cited) can have no definition not fairly

embracing the plaintiff's case. The plaintiff was not a trespasser or an idle wanderer. He was there by appointment with one supposed to be on defendant's train, with a view of becoming himself a passenger, if the appointment was met. If his friend had been on the train, and the plaintiff had taken passage, he would then have entered the premises by right. It cannot be that the character of his entry is held in abeyance to be wrongful *ab initio* in one event, and, from the beginning, rightful in another. He was there to become a passenger in a stated contingency, ascertainable nowhere else. If he acted in good faith and not upon a mere pretense, he had the right to be upon the platform and there receive the protection of ordinary care. The charge requested by the defendant, presenting the plaintiff as a trespasser or vagrant as to defendant, was properly refused.

The court instructed the jury that if the plaintiff knew the platform was defective, but it was *necessary* for him to use the defective part, he would be entitled to recover. It is obvious that the word *necessary* was not used by the court or understood by the jury in its proper and usual signification. It was not *necessary* for the plaintiff to seek the voice he had heard; it does not appear that it was *necessary* for him to use the route he followed. If the word was used in its correct sense, the verdict is unsupported by the evidence. In its true signification the plaintiff was deprived of the benefit of the law applicable to the case; a severer rule was imposed upon him than could be required by law, and a stricter one than his facts could fulfill. The correct test of the liability of the plaintiff to the charge of contributory negligence was whether a prudent person, in the same situation and with the knowledge possessed by the plaintiff, would have done what he did. See authorities below. He might have the right to do what was done, whether it was *necessary* or not. If the word was used in the sense of *important*, then he might be guilty of contributory negligence in going over that part of the platform, whether necessary (in the sense of important) or not. In the real meaning of the word, the testimony does not sustain the verdict under the charge. In any other meaning, the charge does not present to the jury at all the law of the case. In either view, the judgment cannot be sustained. Murphy *v.* Railway Company, 46 Tex., 356; Beach on Con. Neg., 258; note to City of Erie *v.* Magill, 47 Am. Rep., 744.

In the brief of counsel for appellant the numerous questions necessarily disposed of adversely by the verdict, but generally uselessly presented for review to this court, are properly omitted, while only the points of law really open for revision are clearly presented in accordance with the rules.

This practice secures to the parties the full benefit of the appeal, and, at the same time, causes no waste of the time of this court. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered April 23, 1886.]