GULF, COLORADO & SANTA FE RAILWAY COMPANY v. MRS. FANNIE WILLIAMS.

Decided June 14, 1899.

**1. Railway—Station—Duty to One Meeting Passenger.**

One going to a station at night to meet a relative arriving by train was not a trespasser on the station platform, and the company owed to such person the duty of ordinary care with regard to its proper construction and light.

**2. Same—Station Not Abandoned.**

A station at a small village was not abandoned by a railway company, so as to relieve it from duty with reference to lighting and safety of platform, where, though it ceased to maintain an agent and sell tickets there, tickets were sold to such point and its passenger trains regularly stopped there.

APPEAL from Brown. Tried below before Hon. J. O. WOODWARD.

*J. W. Terry,* for appellant. [The brief presented the following propositions in addition to those discussed in the opinion: "Plaintiff having the right, if any, of a mere implied licensee, and knowing before she entered on the defendant's premises that the platform was not lighted, assumed the risk of the absence of lights." "There being no statute re-

quiring the defendant to have its platform lighted, if under the circumstances of this case it was proper to submit such issue to the jury, it should have been left to the jury as a question of fact to say whether the failure to have the platform lighted was negligence under all the circumstances of the case." "There was no complaint made either in the petition or in the evidence about the approaches to the platform. It was error for the court to charge on a supposed issue not made either by the pleadings or the evidence."]

*Rogan & Rice,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellee brought this suit against appellant to recover damages for personal injuries sustained by her, resulting from a fall from a railroad platform at Bangs Station, on appellant's road.

She charged appellant with negligence in building its platform too narrow, too high from the ground, and in not providing it with a railing, and in not properly lighting the same,—the accident and injury having occurred at night.

Appellant, among other things in its answer, asserted that the plaintiff was guilty of contributory negligence, and that the injury resulted from assumed risk.

The testimony shows that appellee, with others, went to the depot at Bangs, in the night time, to meet her sister-in-law, who was expected to arrive on a passenger train on appellant's road. That some one at the depot had a lantern, which gave very little light, and not enough for the plaintiff to see. That the platform was nine feet wide, had no railing, and, where the plaintiff fell off was three feet high. That a trunk was on the platform, obstructing the plaintiff when she started to meet her sister-in-law after the latter had gotten off the train; that in passing around the trunk she fell from the platform and sustained the injuries complained of.

Without discussing the evidence in detail, we hold that it sustains the charge of negligence in not properly lighting the platform; and that the plaintiff was not guilty of contributory negligence, and that $2500, the amount awarded her by the jury, is not excessive.

Under the facts stated, the plaintiff was not a trespasser, and the railway company owed her the duty of ordinary care. In other words, she had the right to go on the platform for the purpose of meeting her sister-in-law, and it was the duty of the railway company to exercise such care and diligence as an ordinarily prudent person would have exercised under the same or similar circumstances for her safety. Hamilton v. Railway, 64 Texas, 251; Railway v. Best, 66 Texas, 117; Railway v. Reich, 32 S. W. Rep., 819; Railway v. Miller, 8 Texas Civ. App., 241.

Appellant asked a charge to the jury, predicated upon the theory that if it had abandoned its station at Bangs, and plaintiff was aware of the fact and knew that its depot and platform were not lighted when she went upon the platform, she could not recover.

This charge was properly refused, if for no other reason, because there was no testimony to support a finding that appellant had abandoned its station at Bangs. The undisputed testimony shows that Bangs is a small village; that appellant has a depot and platform there; and that its passenger trains stop there regularly, both day and night. For several years it has had no agent at that place and does not sell tickets there; but it permits passengers to get on at that station, and it sells tickets from other points to Bangs.

Under these facts, we are of the opinion that it can not claim that it has abandoned this station. The only difference between this and any other railway station is the fact that it has no agent there, and does not keep the depot building open nor sell tickets there. However, it treats it as a station itself, and invites the public to so regard it by selling tickets to it,—by stopping its passenger trains and permitting the traveling public to get on and off thereat.

Several objections are urged to the court's charge, all of which have been duly considered. While the charge deviates somewhat from charges usually given in cases of this kind, we think, considered as a whole, that it enunciates the correct principles of law, and was not calculated to mislead the jury.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*