Houston & Texas Central Railroad Company v.
Steve Phillio.

No. 1132. Decided October 23, 1902.

**Railway Company—Duty to One Present to Assist Passenger.**

While a railway company owes to a passenger in its station house waiting to take the train a duty to protect against assaults or offensive conduct by third persons, it does not owe such duty to one properly there to assist such passenger in taking the train. (Pp. 20, 21.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Falls County.

Phillio sued the railway company and recovered judgment, which was affirmed on appeal by defendant, who thereupon obtained writ of error.

*A. P. McCormick* and *Frank Andrews,* for plaintiff in error.—The court erred in so much of its general charge to the jury as reads substantially as follows:

"If you believe from the evidence, that on or about the 15th of August, 1900, the defendant company had waiting rooms, baggage room and ticket office at its depot in Calvert, Robertson County, Texas, in which it received passengers arriving and departing on its passenger trains, where it sold tickets and checked baggage, and that it had agents, servants and employes in charge of said rooms and office and depot to transact its said business there, and that H. W. H. Wood was acting as agent and employe of defendant on said date, and was in charge of said depot, or rooms, or ticket office, at night of said date; and you further believe from the evidence that on the night of said date, and a short while before one of defendant's passenger trains was due at Calvert station, going to Marlin station by way of Bremond, the plaintiff accompanied his wife, Emma, to said Calvert depot for the purpose of his said wife taking passage on the defendant's passenger train, then nearly due, to the said town of Marlin, and that the plaintiff and his said wife entered said depot and said waiting room in pursuance of said purpose, and that the plaintiff purchased a ticket for the passage of his said wife, with the intention that she should become a passenger on such train from said depot in Calvert to the station of Marlin, over defendant's line of road, by way of Bremond, and that he had procured checks for the baggage of her, the said Emma, as such passenger; and you further believe from the evidence that shortly thereafter, and while the plaintiff and his said wife were waiting in said waiting room for the arrival of the defendant's said passenger train, that one A. A. Allen entered said waiting room, and that he then and there sang a vulgar or indecent song, or displayed an open knife in a threatening manner towards plaintiff, or assaulted the plaintiff, or cursed him, or compelled him to pray, or preach,

against his consent, as stated in plaintiff's petition, and. you further believe that the said Wood was present, or near by, and heard or saw such conduct on the part of the said Allen, or could by the exercise of ordinary care have seen or heard the same, if you find that the said Allen was guilty thereof, and that the said Wood failed to protect, or to make any effort to protect, said plaintiff, against the said conduct of Allen, and you further believe that by reason of the said conduct of him, the said Allen, and as a direct consequence of said acts of said Allen, if any, the plaintiff Steve Phillio, was frightened, or suffered mental anguish and humiliation, in the manner alleged in plaintiff's petition, you will determine from the evidence to what extent, taking into consideration such mental anguish and humiliation of mind, if any, he was injured or damaged individually by said conduct, if you believe he was so injured or damaged, you will find in favor of plaintiff against the said defendant, in such sum as you may find he was damaged or injured, not to exceed $600, as claimed in plaintiff's petition."

*E. T. Johnson, T. N. Graham,* and *N. J. Lewellyn,* for defendant in error.—Where plaintiff had business with defendant at its depot as an escort to his wife, who was sick and who was to become a passenger, he is entitled to the same protection as if he had become a passenger; and where, as in this case, there is evidence that defendant's agent allowed both the plaintiff and his wife to be assaulted and otherwise injured without any effort to protect them, the defendant is responsible for the damages arising thereby.   Railway v. Satterwhite, 15 .Texas Civ. App., 102; Railway v. Williams, 21 Texas Civ. App., 469.

. The appellant must use ordinary care to furnish good accommodations for passengers, must keep its depots in a safe and comfortable condition, and must protect persons who are there as passengers or to assist passengers (relatives and friends) in getting on and off of the trains, and if appellant fails to use ordinary care to do so, it is liable for the damages arising thereby.   Railway v. Dick, 26 Texas Civ. App., 266; Railway v. Jones, 39 S. W. Rep., 124; Railway v. O'Brien, 18 Texas Civ. App., 690.

Where a husband goes with his wife to assist her on the train, she being sick, and it being in the nighttime, he has a legal right to be in the depot and on the depot grounds, and if he is injured by reason of appellant's negligence he is entitled to recover; and if his wife is injured he is entitled to recover for her injuries whether they be mental or physical injuries, or both.   Both of them are entitled to the same protection as any other passenger.   Railway v. Williams, 21 Texas Civ. App., 469; Railway v. Satterwhite, 15 Texas Civ. App., 102; Railway v. Zantzinger, 49 S. W. Rep., 677; De Palacios v. Railway, 45 S. W. Rep., 612.

GAINES, Chief Justice.—The following is the statement of this case, together with their conclusions upon the evidence filed by the Court of Civil Appeals:

"This is an action by the appellee, Steve Phillio, against the railroad company to recover damages for injuries sustained, arising from the following state of facts, which are as substantially alleged in his petition: Plaintiff and his wife went to the depot of the appellant's road, in the town of Calvert, for the purpose of procuring a ticket for his wife to the town of Marlin. She at the time was sick and in feeble condition. While waiting in the waiting room of the depot for the train, and after the ticket had been purchased and the baggage checked, the defendant permitted one Allen, who was alleged to be a strong, active, and robust white man, and being in a drunken and rowdy condition, sang vulgar and indecent songs, and used vulgar and indecent language in the presence of plaintiff and his wife, and being armed with a pocketknife open in his hand, made an unjustifiable assault upon the plaintiff and his wife, by which the plaintiff and his wife were greatly intimidated, causing them to become frightened, and causing plaintiff's wife to become very nervous and sick. There are further allegations to the effect that the agent of the plaintiff at the depot at that time was present and witnessed the assault and wrongful conduct as alleged, inflicted upon the plaintiff and his wife by Allen, or was in a position to see the same, and that no steps were taken by the agent to prevent the assault or the wrongful conduct complained of.

"Upon trial of the case below, verdict and judgment were in favor of the plaintiff for the sum of $400.

"We find that the evidence in the record substantially sustains these averments, and the judgment and verdict below are supported by the evidence found in the record."

The Court of Civil Appeals found no error in the proceedings and affirmed the judgment of the trial court.

We are of the opinion that the conclusions of that court, in so far as they pertain to the rights of recovery by reason of the assault upon and insulting conduct towards the wife of the plaintiff are correct, but do not concur in the proposition that the evidence showed any right of action in the plaintiff on account of the outrage of Allen upon himself personally. The wife having entered the depot and a ticket having been procured for her, became a passenger of the defendant company, and the duty devolved upon the company's agent to protect her against assault and insulting conduct on the part of third persons, provided he knew of such misconduct or had reasonable grounds to anticipate it. As to the plaintiff the case is different. He went to the depot merely to assist his wife in taking the train and with no intention of becoming a passenger himself. He was there by the implied invitation of the company and was not a trespasser. The railway company owed him the duty which is owed by the owners of property to persons who enter upon it by their invitation and no more. That duty is to use ordinary care to see that the premises are kept in a reasonably safe condition, so that persons entering thereupon by invitation are not injured thereby. Hamilton v. Railway, 64 Texas, 251; Railway v. Best, 66 Texas, 116. In the case

of Railway v. Crunk, 119 Indiana, 542, the court say: "The defendant, in contracting to carry the passenger Naas in his sick and enfeebled condition, contracted an obligation which could only be carried out by Naas being carried upon the train and seated in the car. By thus contracting to carry Naas as a passenger, it took upon itself the obligation of allowing him assistants to place him upon the train and seat him in the car, and the compensation received by the defendant for conveying Naas from Mount Vernon to his destination included as well the right to have assistants place him in the car as the carrying him after being so placed in the car, and the defendant owed the same obligation to his assistants while necessarily entering and leaving the car with Naas as it owed to Naas himself." So far as we have been able to discover, this case, in so far as it holds that the railway company owed the same duty to the assistants which it owed to the passenger stands by itself; and unless there be a distinguishing feature in the fact that owing to the enfeebled condition of the passenger, which made it necessary for his friends to assist in boarding the train and securing a seat (which we doubt), it is in opposition to all the authorities upon the question.

Our conclusion is that since the plaintiff was not a passenger the defendant company did not owe him the duty of protection against the injurious actions of third persons, and that therefore he was not entitled to recover for the misconduct of Allen towards himself. Therefore the judgment of the District Court and that of the Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*