## Texas & New Orleans Railway Company v. Frank C. Taylor.

### Decided March 17, 1903.

**1.—Railroads—Assault by Railroad Policeman.**

Evidence held sufficient to show that plaintiff, while lawfully at a passenger depot, was wrongfully assaulted by a railroad policeman acting as agent of the company and not in his capacity as an officer.

**2.—Same—Agreement Construed.**

An agreement of counsel that the person who made the assault had been appointed a policeman at the request of the railway company, to be stationed at the depot and paid by the railway company, and that he was "acting under said appointment" at the time, was not an agreement that, in making the assault, he was acting in the capacity of policeman, that being the principal issue of the case.

**3.—Same—Liability of Employer for Assault.**

The fact that a railroad employe, acting in the discharge of his duties, for any reason loses his temper and uses an unreasonable amount of force, constituting wrongful assault, will not acquit the employer of responsibility.

Appeal from the District Court of Jefferson. Tried below before Hon. J. D. Martin.

*Baker, Botts, Baker & Lovett* and *Watts, Chester & Ellison,* for appellant.

*Green & Minor* and *Oswald S. Parker,* for appellee.

GILL, Associate Justice.—By this suit the appellee sought to recover of appellant damages for personal injuries alleged to have been sustained by him by reason of an assault upon his person committed by one of the employes of appellant in the line of his duties as such employe. A trial by the court without a jury resulted in a judgment for appellee for $1000, from which the railway company prosecutes this appeal.

The pleadings present the issues hereinafter discussed, and it is unnecessary to state them at length. On the occasion in question Frank C. Taylor, the plaintiff, went to the passenger depot of appellant, at Beaumont, Texas, to aid his friend Williams in putting the latter's aged father as a passenger upon the train of appellant. When they arrived at the depot one Sisk, the State convict agent, was in the waiting room with a lot of convicts, and refused Taylor admittance. Appeal was made to Reed Tevis, upon whose order he was admitted to the waiting room. In a few minutes Taylor and his friends came out and were standing upon the platform when Tevis ordered plaintiff and Williams to get off the platform, saying, "You negroes that have no tickets get away from here." He then punched plaintiff in the stomach, and as plaintiff turned away he struck plaintiff on the head with his club. Plaintiff stumbled and fell, and as a result of the stroke and the fall he sustained injuries in the amount of the verdict.

About nine months prior to the injury the city authorities of Beaumont had, at the special instance and request of appellant, commissioned Tevis as a policeman and stationed him at appellant's depot. Appellant paid the salary of Tevis, and the city paid him nothing. He was in the employ of appellant, was subject to the orders of appellant's local agent, Putman, from whom he received orders and to whom he reported. He had been ordered by Putman to keep idlers and persons without tickets away from the depot. Tevis himself testified that he was not acting as policeman in what he did to plaintiff, as the latter had done nothing for which to be arrested. He, Tevis, had strict orders to keep everybody away from there who did not have tickets. Tevis, in his account of the occurrence, uses this language: "It was not so much on account of my orders that I hit him as that he sassed me. He had said to me, 'I do not give a God damn for any white man.'"

As to whether the plaintiff and his friend Williams were rude and noisy and used profane language as stated by Tevis, the evidence is conflicting, but is ample to sustain the finding of the trial court that plaintiff did nothing calculated to provoke Tevis to commit the assault.

Appellant, by the first assignment, insists that the judgment should be reversed because Tevis was a policeman, and appellant could not therefore be liable for his acts as such. The proposition, as a whole, may be conceded to be sound, but its application here depends upon the presence of a fact which in the assignment is assumed to exist, but which was an issue of fact at the trial and decided against appellant by the trial judge. We speak of the issue as to whether Tevis was acting as policeman in doing the acts complained of. Tevis admits that he was not trying to arrest plaintiff, and his strongest statement in behalf of appellant is that he did not strike plaintiff so much on account of Putman's orders as because plaintiff "sassed" him. The fact that Tevis was acting as policeman of the city of Beaumont is not inconsistent with his employment by defendant, and the undisputed facts show that he was acting in both capacities. His commission as a peace officer empowered him to arrest for offenses committed in his presence, but the duty which more frequently arose was to obey the orders of Putman issued in behalf of the company. The controlling issue which the trial court determined, and which this court must determine under the errors assigned, was whether the act of Tevis was committed while acting in furtherance of his duties to the company. Plaintiff was present on the implied invitation of the company, and it owed him the duty to refrain from injuring him. Railway v. Phillio, 96 Texas, 18, 5 Texas Ct. Rep., 666. If Tevis was acting as a peace officer in doing the acts complained of, the company is not liable. If he engaged in a private brawl the company is not liable. If, while Tevis was acting in the reasonable discharge of his duty to the company, the plaintiff, by insulting words and conduct, provoked and brought about the assault, the company is not liable, even if the assault occurred in an effort on the part of Tevis to eject plaintiff from the platform as a person not authorized to be there. Harrison v.

Fink, 42 Fed. Rep., 787; Railway v. Shropshire, 28 S. E. Rep., 508; Peavy v. Railway Co., 8 S. E. Rep., 70.

The evidence is ample to support the conclusion of the trial court that the assault was not committed in the discharge of any of his duties as policeman. Appellant, however, relies largely upon an agreement entered into by the parties at the trial, and which is to the following effect: It is agreed "that prior to the time of the events complained of by plaintiff Reed Tevis had been appointed at the request of defendant a policeman of the city of Beaumont, to be stationed at defendant's passenger depot at Beaumont, and he was acting under said appointment at said time. And it was the understanding that defendant, and not the city, should pay Tevis for his services, and this understanding was carried out and he was paid solely by the Texas & New Orleans Railway Company." Signed by counsel for both sides.

Appellant insists that this amounts to an agreement that Tevis, in doing acts complained of, was acting in the capacity of policeman. We think it is plain that no such construction was contemplated by the parties at the time the agreement was entered into. The purpose of the agreement was to avoid the necessity of proof that Tevis had been so commissioned, and that his commission was still in force at the date of the matters in controversy. To construe it otherwise would be to give it the effect of eliminating the chief fact issue in the case and disputing the otherwise undisputed statement of Tevis that in striking plaintiff he was not acting as policeman. We conclude, therefore, that the agreement ought not to vary the other proof upon the point.

It can not be justly held that Tevis was engaged in a private brawl unconnected with his duties to the company, for the evidence supports the conclusion that Tevis was undertaking to put off the platform two negroes without tickets, and he states positively that he had strict orders from Putman to do so. The fact that for any reason he lost his temper and used an unreasonable amount of force will not acquit the company of responsibility (Railway Co. v. Bowlin, 32 S. W. Rep., 918; Railway Co. v. Kacket, 24 S. W. Rep., 881; Brill v. Eddy, 22 S. W. Rep., 488), unless plaintiff by his own fault provoked the employe. Upon this latter point it is sufficient to say that the evidence was conflicting and the trial court's conclusions were in favor of the plaintiff.

There is no merit in the other contentions to the effect that Tevis was acting assistant to the convict guard, and not for the company. Nor do we think the judgment so out of proportion to the gravity of the injuries inflicted as to authorize this court to interfere on that ground. The case was tried without error. The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.