MISSOURI, K. & T. RY. CO. OF TEXAS v. BAILEY. (No. 1601.)*

(Court of Civil Appeals of Texas. Texarkana. April 14, 1916. Rehearing Denied May 27, 1916.)

1. CARRIERS &⟶318(2)—DUTIES TO INVITEES—OBSTRUCTIONS AT STATIONS — NEGLIGENCE —EVIDENCE.
Evidence *held* to show that defendant railway negligently failed to have station platform sufficiently lighted to enable passengers to use same with reasonable safety.
[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1307; Dec. Dig. &⟶318(2).]

2. CARRIERS &⟶318(2)—DUTIES TO INVITEES—OBSTRUCTIONS AT STATIONS — NEGLIGENCE —EVIDENCE.
Evidence *held* to show that defendant railway company's negligence in failing to have its station platform properly lighted was the proximate cause of the injury to the plaintiff's wife.
[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1307; Dec. Dig. &⟶318(2).]

3. CARRIERS &⟶304(1)—DUTIES TO INVITEES.
In the absence of regulation to the contrary, a person who goes to the depot of a railway for the purpose of accompanying a departing passenger is deemed as going upon the premises of the company under an implied invitation of the company.
[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1110; Dec. Dig. &⟶304(1).]

4. CARRIERS &⟶304(2)—DUTIES TO INVITEES—"INVITEE."
Where a woman hotel keeper at the request of a guest accompanied her to the station for the purpose of assisting her, the railway company was liable for negligence in failing to properly light the platform, by reason of which the hotel keeper was injured, since she was, under the circumstances, an "invitee."
[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1110; Dec. Dig. &⟶304(2).
For other definitions, see Words and Phrases, First and Second Series, Invitation.]

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Action by J. W. Bailey against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

C. C. Huff, of Dallas, and Dinsmore, McMahon & Dinsmore, of Greenville, for appellant. Sherrill & Starnes and J. P. Yates, all of Greenville, for appellee.

LEVY, J. Appellee's wife, a hotel proprietress at Celeste, at nighttime accompanied a lady guest of the hotel, at the request of such guest, to appellant's passenger depot; the guest intending to take the incoming passenger train at the depot. When they reached the depot the appellee's wife stepped on some round substance, probably a corn cob, on the platform, between the waiting room and the track, and was caused to fall backwards upon the platform, and was injured. The appellee sues to recover damages for such injuries to his wife, alleging that the appellant was negligent in failing to have its depot platform sufficiently and properly lighted.

According to the evidence, at about 5 o'clock p. m. on March 7, 1914, Mrs. Henninger, a lady 62 years of age and traveling alone, arrived at Celeste over the Santa Fé Railway. She was en route to Denison on appellant's railway line, and the train was not due, under schedule, until 9:50 o'clock p. m. Mrs. Henninger then went to the hotel owned by appellee and his wife, to get supper and remain there until the time for departure to her destination. Appellee's wife managed the hotel and looked after the comfort of the guests; and her husband, a carpenter, followed his trade. When the time arrived for Mrs. Henninger's departure from the hotel to the depot to take passage on appellant's train, she requested appellee's wife to accompany her to the depot. Appellee's wife testifies:

"I went to the depot that night with the old lady, just because she asked me to go with her; that is the only reason I went. I had no business in the world there, other than she asked me to go and see her get there. She was not a strong woman. Of course, my husband could have seen that she got there; but she asked me to go with her. Certainly I was not afraid but what my husband would take the old lady to the depot. I went with her, because she asked ed me to, and to assist her, if nothing else. I did assist her. I assisted her in getting out of the door at home. I could have assisted her out of the door, without going to the depot with her. I did not assist her any after that. She was a large, fleshy woman."

This testimony shows the purpose of appellee's wife in going to the depot, and shows all the assistance rendered by her to Mrs. Henninger. An oil lamp had been provided by appellant for lighting the platform and premises. There is some evidence showing

---

that the lamp globe was smoked on the inside, and the light shone dimly.

[1,2] The jury made the findings of fact, which have evidence to support them, that appellant railway company negligently failed to have the station platform sufficiently lighted to enable passengers to use the same with reasonable safety, as alleged, and that such negligence proximately caused the injury to appellee's wife. The evidence warrants the amount of damages awarded by the jury.

#### After Stating the Case.

[3, 4] The appellant contends that, under the facts of the case, it did not owe appellee's wife the duty to keep its depot platform lighted and in a safe condition, because she was not at its depot and upon its premises as an invitee. It is the rule that, in the absence of any regulation to the contrary, a person who goes to the depot of a railway for the purpose of accompanying a departing passenger is deemed as going upon the premises of the company under an implied invitation of the railway company. Hamilton v. Railway Co., 64 Tex. 251; Railway Co. v. Best, 66 Tex. 117, 18 S. W. 224; Railway Co. v. Phillio, 96 Tex. 18, 69 S. W. 994, 59 L. R. A. 392, 97 Am. St. Rep. 868; Railway Co. v. Williams, 21 Tex. Civ. App. 469, 51 S. W. 653; Hutchingson v. Railway Co., 55 Tex. Civ. App. 229, 118 S. W. 1123; 3 Elliott on Railroads (2d Ed.) § 1256. And classing as invitees those persons upon the premises of the railway company who sustain the relation to the departing passenger of assistant, attendant, member of the family, host, or the like, the case of Railway Co. v. Matzdorf, 102 Tex. 42, 112 S. W. 1036, 20 L. R. A. (N. S.) 833, 132 Am. St. Rep. 849, excludes those persons who sustain no relation to the departing passenger but that of mere friendship or acquaintanceship. There the court distinguishes a case of bare license from one of invitation, by the evidential test, it seems, as quoted with approval in Bennett v. Railway Co., 102 U. S. 577, 26 L. Ed. 235, that:

"Invitation is inferred where there is a common interest or mutual advantage, while a license is inferred where the object is the mere pleasure or benefit of the person using it."

And the plaintiff, Matzdorf, in that case was classed as a licensee, because it appeared she went to the depot merely as an acquaintance of Mrs. Simpson, and to say good bye to her, and not as an attendant, or to assist her. The plaintiff, Matzdorf, was on the railway premises, as seen, for her "mere pleasure or benefit." In the instant case, though, it is not thought that it could properly be said that the appellee's wife was at the depot under circumstances from which a license only could be inferred. The appellee's wife went from the hotel to the depot with Mrs. Henninger, who was 62 years old and traveling alone, at nighttime, because, as

testified, "she [Mrs. Henninger] asked me to go and to see her get there. She was not a strong woman. I went with her because she asked me to, and to assist her, if nothing else." As Mrs. Henninger was alone in a strange town at nighttime, it may well have been a convenience and a service to her to have a female attendant en route to the depot, and to remain with her at the depot while and during the time until the arrival of the train. It often becomes proper and necessary for a female passenger to have one of her own sex accompany her to the station and remain with her until the departure of the train.

In view of these facts it is believed that it may be held that the appellee's wife was at the depot as an attendant, in the sense of being present with as a companion, and was thus performing a service in the common interest of the passenger and the company, entitling her to demand ordinary care of the appellant. Therefore assignments of error Nos. 1, 2, 3, 4, 7, 8, and 9, which present the question above, are each overruled.

It is not believed that this court, considering the record, may disturb the verdict of the jury respecting the amount of damages; and assignment of error No. 10 is overruled.

We conclude that assignments of error Nos. 5 and 6 afford no ground for reversal of the judgment, and they are both overruled.

Affirmed.