SOUTHERN ENTERPRISES, INC., OF TEXAS v. MAREK.
No. 2947.

Court of Civil Appeals of Texas. El Paso.
Feb. 1, 1934.

Rehearing Denied Feb. 21, 1934.

W. B. Handley and R. T. Bailey, both of Dallas, for plaintiff in error.

Caldwell, Gillen, Francis & Gallagher, of Dallas, for defendant in error.

HIGGINS, Justice.

The parties will be designated as they were in the trial court.

Mrs. Marek instituted this suit seeking to recover damages for personal injuries, which she alleges she sustained while a patron at a place of amusement conducted by defendant in Dallas, Tex., known as Palace Theater.

She alleged in substance that she became a patron at defendant's theater the evening of December 31, 1931, at a New Year's Eve performance, scheduled to begin about midnight or shortly thereafter; that shortly after gaining admission to the theater, and finding seats for herself and the other members of her party, other patrons of the theater began throwing and exploding firecrackers, torpedoes, and other fireworks into and among the audience and in close proximity to where plaintiff was seated; that defendant and its agents permitted the continuance of such acts on the part of other patrons until some of the fireworks exploded in close proximity to plaintiff's head and body, causing plaintiff to suffer severe, painful, and permanent injuries, including loss of hearing in one ear; that defendant was negligent in the following particulars, among others not necessary to here mention, to wit:

(a) In failing to furnish a sufficient number of competent employees to maintain proper order and conduct of persons in attendance at the performance.

(b) In permitting persons, after commencement of the performance, to throw firecrackers, torpedoes, and other fireworks among the audience, and in close proximity to plaintiff, in such manner that there was a reasonable possibility that injury would be thereby inflicted upon plaintiff and others who were patrons of the theater.

(c) In knowingly permitting such persons to continue to explode torpedoes, firecrackers, and other fireworks in close proximity to where plaintiff was seated.

(d) In failing, after the commencement of the disturbance in throwing of the fireworks, to warn or request the persons to refrain from their disorderly conduct and allowing such persons to continue unmolested in the throwing of the torpedoes and fireworks.

(e) In permitting said persons to continue throwing torpedoes and fireworks in close proximity to plaintiff without interference or admonition.

(f) In failing to exercise ordinary care to ascertain who the persons were who were acting in the disorderly manner mentioned, so that they might be expelled from the theater or otherwise restrained from their unlawful conduct.

Defendant interposed a general demurrer, also a general denial, but admitted that the fireworks which were exploded in close proximity to plaintiff were thrown and exploded by other patrons or customers of the defendant at its said theater.

Defendant also set up that the injuries complained of by plaintiff were caused solely by the intervention of independent, willful, malicious, and criminal acts of third parties over whom it had no control; that such third parties were unknown to defendant, except that they were patrons of the theater, as was plaintiff; that the torpedoes or fireworks were thrown and set off by said third parties suddenly and without warning to the theater management, and without those in charge of the management and operation of the theater having any knowledge of the intention of said third parties of so doing, or reasonable cause to anticipate or foresee such acts on the part of said third parties and prevent the same; that defendant's employees having charge of the management and operation of the theater had the right to rely, as they did,

upon all patrons of the theater properly demeaning and conducting themselves and respecting other patrons and observing all the penal laws of the state and penal ordinances of the city of Dallas; that on the occasion of plaintiff's injury, the third parties violated each and all of the provisions of the quoted ordinance of the city of Dallas and thereby committed a criminal offense or offenses, and the acts of said third parties were the sole proximate cause of plaintiff's injuries; that said third parties who set off the fireworks did so in violation of the Penal Code of the State of Texas, to wit, articles 1339a and 480 (Vernon's Ann. P. C.), and such acts of said third parties in violation of said articles of the Penal Code were the sole proximate cause of plaintiff's injuries.

The jury found:

(a) That plaintiff sustained injuries on the occasion in question.

(b) That torpedoes and fireworks were exploded on the occasion in question in the theater auditorium prior to the time of the explosion which injured plaintiff.

(c) That on the occasion in question, prior to the time of the injuries to plaintiff, the defendant, its agents and employees, had knowledge of the exploding of torpedoes and fireworks in the theater auditorium.

(d) That the defendant, its agents and employees, after acquiring knowledge of torpedoes and fireworks being exploded in the theater auditorium, permitted the persons who were throwing and exploding the same to continue doing so without interference or admonition.

(e) That such failure (presumably the failure of defendant to interfere with or admonish those who were throwing the torpedoes and fireworks) was negligence.

(f) That such negligence was a proximate cause of plaintiff's injuries.

(g) That defendant failed to warn the persons in the theater auditorium to cease the throwing of torpedoes and fireworks prior to the time of plaintiff's injuries.

(h) That such failure was negligence.

(i) That such negligence was the proximate cause of plaintiff's injuries.

(j) That defendant did not fail to furnish a sufficient number of competent employees to assist in the maintaining of order on the part of persons in attendance in the theater auditorium.

(k) That defendant failed to exercise ordinary care, after commencement of the exploding of the fireworks and prior to plaintiff's injuries, in the matter of locating the persons who were then exploding fireworks in the theater auditorium.

(l) That such failure on defendant's part was a proximate cause of plaintiff's injuries.

(m) That plaintiff's injuries were not the result of an unavoidable accident.

(n) That the conduct on the part of the patrons on the occasion in question in throwing the torpedo or firecracker that struck Mrs. Marek was not the sole proximate cause of her injuries.

·(o) That plaintiff had sustained damages in the sum of $5,000.

Error is assigned to the overruling of a general demurrer to the petition.

In this connection defendant cites authorities holding a theater patron is an invitee towards whom the owner or operator of a theater owes the duty of exercising ordinary care to see that the premises are in a safe condition. Graham v. Woolworth (Tex. Civ. App.) 277 S. W. 223; Texas State Fair v. Marti, 30 Tex. Civ. App. 132, 69 S. W. 432; Dalton v. Hooper (Tex. Civ. App.) 168 S. W. 84.

Based upon the theory that plaintiff was simply an invitee upon the premises, defendant asserts it owed her the duty to use ordinary care to see that the premises were in reasonably safe condition so that persons entering by invitation were not injured thereby; that it owed her no duty to protect her against the unlawful and injurious conduct of third persons in the theater who had no connection with the management or operation of the theater.

The duty of proprietors of places of amusement is not so limited as the defendant asserts. Their duty extends beyond that of using ordinary care to see that the premises are free from physical defects which would endanger its patrons. Persons who, for profit, collect a large number of people in a building, should be vigilant to protect their safety. Tantillo v. Goldstein Bros. A. Co., 248 N. Y. 286, 162 N. E. 82.

In 26 R. C. L. title Theatres, Shows, etc., § 19, it is said: "The duty of proprietors of places of public amusement or resort to protect their patrons also applies as against the acts of others than agents and servants of the proprietor or manager. Thus a person having the management and control of a public place of amusement, to which he invites the public, on payment of an admission fee, and at which he sells to his customers intoxicating liquors, who sells to one in attendance

at such place intoxicating liquor to such an extent as to render him drunk and disorderly, well knowing that when in that condition he is likely to commit assaults upon others without provocation or cause, is bound to exercise reasonable care to protect the other patrons from his assaults and insults, and for a failure to do so is liable in an action for damages to one assaulted and injured by such person. So, a street railway company, which is conducting an exhibition in a park owned by it, and which has notice of a conspiracy to assault all colored persons attending its exhibition, is liable for an assault committed upon a colored person whom it has transported to the park without warning him of the danger that he will be assaulted if he enters the grounds."

In Hawkins v. M. & N. H. T. Co., 132 Me. 1, 164 A. 628, the court said: "Theater proprietor must guard guests against dangers of which proprietor has knowledge and which he should reasonably anticipate. Though willful or negligent act of third person intervenes and contributes to guest's injury, recovery may be had from theater proprietor where such act should have been foreseen."

See, also, C. J. vol. 62, p. 874, and vol. 45, p. 823, § 235; Mastad v. Swedish Brethren, 83 Minn. 40, 85 N. W. 913, 53 L. R. A. 803, 85 Am. St. Rep. 446; Savannah Theatres Co. v. Brown, 36 Ga. App. 352, 136 S. E. 478; Murphy v. Winter G. & I. Co. (Mo. App.) 280 S. W. 444; Levy v. Jacobs, 131 Misc. 824, 228 N. Y. S. 229.

Defendant cites, as conclusive in support of its position, Houston & T. C. Ry. Co. v. Phillio, 96 Tex. 18, 69 S. W. 994, 59 L. R. A. 392, 97 Am. St. Rep. 868. In that case Phillio and wife were in the railway company's depot. The wife, intending to travel upon the defendant's train, purchased a ticket. While in the depot a drunken man assaulted Phillio and by his conduct greatly frightened Mrs. Phillio, making her sick and nervous. The court upheld the right of the wife to recover, saying that she was a passenger and it was the duty of the company's agent to protect her against the assault and insulting conduct provided the railway company's station agent knew of such conduct or had reasonable grounds to anticipate it. Recovery by Phillio was denied because he was upon the premises by implied invitation only and the railway company owed him simply the duty which it owed to persons upon its property by invitation, and no more, which duty was to use ordinary care to see that the premises were kept in a reasonably safe condition so that persons entering thereon by invitation were not injured thereby.

Defendant asserts that since Mrs. Marek was simply an invitee upon its premises. it owed her no higher duty than that ordinarily applying to invitees as was held in the Phillio Case, but in our opinion such case has no present application. She was upon the premises by invitation and paid for the privilege of being there. Under the authorities cited we are clearly of the opinion the defendant owed her the duty to exercise ordinary care to protect her from the wrongful acts of other patrons present provided defendant knew of such misconduct or had reasonable grounds to anticipate it. The petition alleges the guilty persons, to the knowledge of defendant and its agents, continued their misconduct by exploding firecrackers and torpedoes among the audience in such manner that there was a reasonable probability and likelihood of injury to others in the theater, thus charging defendant with knowledge of the wrongful acts of which the plaintiff complains.

Our ruling that the petition states a cause of action also disposes of the assignments complaining of the refusal of a requested instruction to find for defendant, for it is obvious the disorderly conduct in the theater was dangerous, and the evidence shows it continued anywhere from three or four minutes to ten or fifteen minutes before Mrs. Marek was injured and the defendant made no serious effort to stop it. It is also apparent the agents and representatives of defendant present and charged with the duty of preserving order were fully aware of what was going on.

Our ruling upon other questions will be briefly stated.

The evidence raises the issue of plaintiff's diminished capacity to work and earn money in the past, and the court did not err in submitting the same as an element of plaintiff's damage.

The refusal to permit the filing of a trial amendment after the close of the evidence presents no error. The defensive matter set up therein was necessarily known, or should have been known, to defendant before the trial commenced.

The questions requested upon the issue of contributory negligence were properly refused because there were no pleadings to support same.

The objections urged against the issues submitted are not well taken.

The assignment complaining that the award of damages is excessive need not be considered in view of reversal for the error to be next considered.

█ █ The evidence shows that upon the occasion in question there were four city policemen on duty paid by defendant. One was stationed at the box office; the other four in the theater. A number of ushers were on duty whose duty it was to assist in maintaining order. Only one usher was called as a witness by defendant. None of the policemen were called to testify.

In argument one of the counsel for plaintiff stated: "Did he (Weatherford, manager) call the police? No, the police were there and they must have forgotten the names of those policemen and could not bring them down here. Do you remember, gentlemen of the jury, that Mr. Boyd gave them the names of two of them; Abbott was one of them." He further stated: "By the way, Gentlemen of the Jury, did you notice that Neal Kearby was the only usher that was on the inside of the theatre that night that they brought down here to the stand to testify. Where are these other ushers who were in there that night? All right, gentlemen of the jury, don't you know some of those ushers are still working over there at that theatre? Don't you know as men of experience and men of the world that if these other ushers could do them any good consistent with their solemn oath, they would have them here? The conclusion is conclusive that if these other ushers, if they came here and took the oath, they would have to say they had the explosions in that theatre, and that it was just a rough house, like Forbes and Vincent and Boyd and Davis testified it was."

The argument was objected to by defendant at the time it was made.

It was improper and objectionable. Proctor v. Ry. Co. (Tex. Com. App.) 277 S. W. 1047; San Antonio P. S. Co. v. Smith (Tex. Civ. App.) 57 S.W.(2d) 179; Robbins v. Wynne (Tex. Com. App.) 44 S.W.(2d) 946; Indemnity Ins. Co. v. Harris (Tex. Civ. App.) 53 S.W. (2d) 631; Morgan v. Maunders (Tex. Civ. App.) 37 S.W.(2d) 791. And, "The rule is now settled in this state that, where improper argument has been indulged in, the adverse complaining party is entitled to reversal of the judgment, as a matter of law, if under all the circumstances there is any reasonable doubt of its harmful effect, or unless it affirmatively appears no prejudice resulted." Texas Indemnity Ins. Co. v. McCurry (Tex. Com. App.) 41 S.W.(2d) 215, 217, 78 A. L. R. 760.

It does not affirmatively appear that the argument was without prejudice, nor can we say under all the circumstances that it was beyond reasonable doubt harmless. It must be regarded as reversible under the strict rule announced in the case last cited.

Reversed and remanded.