SHERRILL v. KIRKLIN–YORK CO.
(No. 1909.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 8, 1918. Rehearing Denied Feb. 28, 1918.)

LANDLORD AND TENANT ☞101 — TERMINATION OF LEASE—INJURY TO BUILDING.

Under lease providing for its termination in case the building should become so injured by fire or other casualty as to render it unfit for use, a tenant was not authorized to quit and cease paying rent on account of injury from a storm, unless the building was rendered unfit for carrying on tenant's business, and could not be restored to a fit condition by ordinary repairs, made without unreasonable interruption of business, and hence, where an injury to the roof by a storm was merely temporary, and by ordinary repairs the uplifted part of a tin roof could and was easily replaced and restored with the material on hand, it was not such an injury as was meant by the contract.

Appeal from District Court, Marion County; J. A. Ward, Judge.

Action by B. F. Sherrill against the Kirklin-York Company. From a judgment for plaintiff for less than the amount claimed, plaintiff appeals. Reformed and affirmed.

The appellee, a ·mercantile firm, leased a one-story building from the appellant for the term of one year from January, 1915, for an agreed rent of $20 a month, payable on the 1st day of the next month. The written lease has the stipulation that:

"The said building is to be used by said Kirklin-York Company for groceries or some other legitimate occupation. In case said building shall become so injured by fire or other casualty as to render the same unfit for such use, then and in such case this lease shall terminate on the day of the happening of such event."

There is no covenant on the part of the landlord to make repairs on the building.

On August 20, 1915, a severe windstorm ripped loose from the sheeting and rolled back and bent about two squares of the tin roof on the southeast corner of the store building, and the rain following the wind poured into the storeroom. The appellee at once notified the appellant's agent of the occurrence, and also had a competent tinner to go, while it was still raining, and repair the roof. About the 10th day of September next the appellee moved out of the building and has never afterwards used or occupied it.

The appellant sued for the rent for the months of September, October, November, and December, 1915. The appellee specially ·pleaded as a defense the stipulation quoted above respecting the termination of the lease upon the happening of a casualty so injuring the building as to render it unfit for use.

The court entered judgment for the plaintiff for the $20 rent for September, and refused judgment in favor of appellant for the remaining three months' rent, and the plaintiff appeals. The court made findings of fact appearing in the record.

T. D. Rowell, of Jefferson, for appellant. Schluter & Singleton, of Jefferson, for appellee.

LEVY, J. (after stating the facts as above). The defense sets forth that the lease provided that, "In case said building shall become so injured by fire or other casualty as to render the same unfit for such use, then and in such case this lease shall terminate on the day of the happening of such event." And it appears that the tenant claimed under this defense that the rent had ceased on August 20, 1915, on the ground that on that day "a severe windstorm came and uplifted

a portion of the roof of said building," and that the building had become untenantable for the purpose of carrying on the business of a grocery store. Appellant insists that the findings of the court do not show that such damage to the building resulted from the windstorm, within the meaning of the stipulation in the lease, as to authorize the tenant to quit the premises and cease paying the rent. The court found that the injury to the building from the windstorm consisted in the uplifting from the sheeting and in the bending and rolling back of about two squares of the tin roof on the southeast corner of the building, and as further found by the court:

"As soon thereafter as possible W. S. Kirklin, for Kirklin-York Company, procured C. W. Langenstein, a competent tinner and sheet metal workman, to go up on the said building and repair the roof; the said Langenstein repaired the roof as well as same could be done with the material on hand and with the use of roof cement, a preparation for the purpose of repairing broken tin roofs."

These facts clearly establish that the injury to the building was slight and merely temporary, and that by ordinary repairs the uplifted part of the roofing could be, and was, easily and quickly replaced, and was restored "as well as same could be done with the material on hand and with the use of roof cement, a preparation for the purpose of repairing broken tin roofs." The stipulation in the lease means, it is concluded, that to authorize the tenant to quit the building and cease paying rent the injury to the building from a casualty like a severe windstorm must be to the extent that the building is unfit for carrying on the business, and cannot be restored to a fit condition by ordinary repairs such as can be made without unreasonable interruption of the business of the tenant. This being the test, the court's findings of fact do not, it is believed, establish such injury to the building as meant by the lease contract. As a matter of common knowledge a part of a tin roof is as easily replaced as a window or door. The further finding of insufficient repair of the roof is a distinct ·fact, and not within the lease contract. Weinsteine v. Harrison, 66 Tex. 546, 1 S. W. 626. If appellee was liable for rent under the terms of the lease, then no other issue can appear in the case from the court's findings.

The judgment is reformed so as to allow the appellant a recovery also for the rent of October, November, and December, and as so reformed will be affirmed. The costs of the lower courts and of this appeal will be taxed against appellee.