JOE WEINSTEINE v. W. B. HARRISON ET AL.

(Case No. 1957.)

1. TENANTS IN COMMON—PLEADING—One tenant in common or joint tenant cannot maintain a suit for the recovery of rent when the contract is joint and the rent is to be paid to them jointly ; but a petition defective in this respect can be amended. (Authorities cited.)

2. LANDLORD—REPAIRS—CUSTOM—A landlord is not bound to repair the premises unless he covenants or agrees so to do. The rights of the parties under their contract can not be changed by proof of a local custom different from the rule of law.

APPEAL from Marion. Tried below before the Hon. W. P. McLean. The facts are stated in the opinion.

*Geo. T. Todd,* for appellants, cited: Freeman on Co-Ten. and Part., 353; Sedg. on Meas. of Damages, 214; Thomas *v.* Hill, 3 Tex., 270; Bodman *v.* Harris, 20 Tex., 31; Hamilton *v.* Van Hook, 26 Tex., 302; Masterson *v.* Goodlett, 46 Tex., 403; Egery *v.* Power, 5 Tex., 501; Castro *v.* Gentiley, 11 Tex., 28.

No briefs on file for appellee.

GAINES, ASSOCIATE JUSTICE.—This suit was brought in the justice court, originally by W. B. Harrison, one of appellees, to recover of appellant $60.00 as rent of certain premises in the city of Jefferson, due under a verbal lease. Appellant pleaded under oath, that he leased the premises of appellees jointly, and that W. B. Harrison was not entitled to recover in the capacity in which he sued. Plaintiff replied in writing to this plea admitting the fact set up, but stating that "W. B. Harrison was the representative of J. C. Harrison in the management of said property, collection of rents, etc.," and asking that J. C. Harrison be joined as plaintiff if the court should think him a necessary party. The cause from this time proceeded in the names of both appellees.

Appellant also pleaded an offset or counter-claim, but appellees recovered in the justice court the amount claimed by them. Appellant then appealed to the district court, and on a trial *de novo* in the latter court, appellees obtained judgment for the same sum. It is assigned as error that the court should have dismissed the suit upon the hearing of the plea in abatement. One tenant in common or joint tenant cannot maintain a suit for the recovery of rent when the contract is joint and the rent is to be paid to them jointly. Freeman on Co-Ten. and Part., sec. 352.

It is also held in May *v.* Slade, 24 Tex., 205, that tenants in common must join in actions of trespass relating to the possession, and that the non-joinder of one of them could be taken advantage of by plea in abatement or by exception, if the defect was apparent upon the face of the petition. But the opinion in that case also clearly indicates that the defect can be cured by amendment making the co-tenant who

has not sued a party plaintiff to the action. The record before us shows that J. C. Harrison joined in the prosecution of the suit as plaintiff, after the plea in abatement was presented, and it was not error in the court below to permit the case to proceed to judgment on the merits.

Appellant also pleaded in offset and reconvention, damages to the amount of $164.07, alleged to have accrued to his stock of goods by reason of a want of repair of the building, for the rent of which the suit was brought; and introduced evidence tending to show a notice to appellees to repair the roof, and that afterwards water leaked through and damaged his goods to the amount claimed. A landlord is not bound to repair unless there be a covenant or agreement on his part to do so. Taylor's Landlord and Tenant, secs. 327, 328, p. 229. 4 Waits Acts. and Def., 235.

The statement of facts shows no evidence of any such agreement on part of appellees. Appellant attempted to prove a custom among landlords in the city of Jefferson, where the rented premises were situated, to repair. The evidence as to this was conflicting. But even if such custom had been clearly established, we cannot see that this would change the rights of the parties under the contract and the general principle of law applicable to it.

The court below did not err in disregarding appellant's counterclaim and giving judgment for appellees for the amount of their demand.

The judgment is, therefore, affirmed.

Affirmed.

[Opinion delivered October 26, 1886.]