### J. B. PLEASANTS ET AL. V. THE STATE.

*No. 3478. Decided November 22.*

1. **Recognizance—Citation.**—It is not essential to the sufficiency of the citation in a scire facias case that it recite that the recognizance was entered into "in open court." That the recognizance was "entered into" implies that it was entered into in open court.

2. **Practice—Dismissal of Suit for Non-Service of Process—Diligence.**—Article 1256 of the Revised Statutes applies with equal force to scire facias as to other civil cases, and authorizes the plaintiff in cases against plural defendants to discontinue as to those defendants not served with process, and proceed against those that have been served. The State is not bound to diligence to obtain such service in scire facias cases before it can discontinue as to unserved defendants. In this case the trial court properly permitted the State to dismiss as to the surety not served with citation and proceed to judgment against the principal and the surety in court.

3. **Same—Evidence.**—The Judgment Nisi was objected to by the defendant as evidence upon the ground that the State's counsel had dismissed the cause as to the co-surety without having taken the necessary legal steps to have him served with scire facias. *Held*, that the objection was without merit and was properly overruled.

APPEAL from the District Court of Ellis. Tried below before Hon. Anson Rainey.

The opinion sufficiently discloses the case.

*Kemble & McKnight*, for appellants.

*W. L. Davidson*, Assistant Attorney-General, for the State.

WILLSON, JUDGE.—J. B. Pleasants, being indicted for the theft of a horse and in custody upon said charge, entered into recognizance in the sum of $500, with J. B. Pleasants, Sr., and J. W. Bradshaw as his sureties.

Said recognizance was declared forfeited and judgment *nisi* was rendered and entered thereon. Bradshaw was served with citation and answered. Pleasants, Sr., the other surety, was not served with citation, and the State dismissed the suit as to him. Judgment final was rendered against the principal and Bradshaw. Bradshaw made exceptions to the sufficiency of the citation, which exceptions were overruled, and this ruling is assigned as error.

We think the citation is sufficient. It was not essential that the citation should allege that the recognizance was entered into in open court. The allegation that a recognizance was entered into must mean that it was entered into in open court; otherwise it would not be a recognizance.

It was not error to allow the State to dismiss the suit as to the surety (Pleasants) who had not been served with citation and to render judgment against the principal and appellant. Where there are several defendants in a suit, and some of them are served with process and others are not, the plaintiff may discontinue as to those not served and proceed against those that have been served. Rev. Stats., art. 1256. This provision of the statute is applicable in this proceeding as in other civil cases. Code Crim. Proc., art. 449. To entitle the plaintiff to discontinue as to a defendant not served, the statute does not require that any diligence should have been used by him to obtain service, and we have no authority by construction to add to the statute such a requirement.

No error was committed in permitting the recognizance and judgment *nisi* to be read in evidence. The objections made to them as evidence are not substantial and were properly overruled.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Hurt, J., absent.