## MOLLIE M. YARBROUGH V. FRANK M. BOOHER.

No. 8063. Decided July 7; 1943.
Rehearing overruled October 13, 1943.
(174 S. W., 2d Series, 47.)

*Cunningham, Ward & Cunningham,* of El Paso, for petitioner.

It was error for the Court of Civil Appeals to hold that under the evidence no issue was raised as to the owner's duty to repair the apartment rented to plaintiff and her daughter, as the evidence clearly showed such a duty, liability and actionable negligence on the part of the owner of the apartment house. Bearmann v. Bradix, 5 S. W. (2d) 869; Boaz v. Ledenham, 53 S. W. (2d) 335; Fox v. Dallas Hotel Co., 111 Texas 461, 240 S. W. 517.

*Robert L. Holiday* and *Harold L. Sims,* both of El Paso, for respondent.

It was error for the court to enter judgment against defendant, Booher, for any amount, since the evidence, as a matter of law, showed no liability or actionable negligence upon his part. Perez v. Raybaud, 13 S. W. 177; Marshall v. Heard, 59 Texas 266; O'Connor v. Andrews, 81 Texas 28, 16 S. W. 628; 36 C. J. 232.

MR. JUDGE SLATTON of the Commission of Appeals delivered the opinion for the Court.

This suit involves the right of a tenant to recover of her landlord for personal injuries caused by the falling of a piece of plaster from the ceiling of an apartment occupied by the tenant. A jury verdict and judgment of the trial court were in favor of the tenant. The El Paso Court of Civil Appeals reversed the judgment of the trial court and rendered judgment in favor of the landlord (not published). The court holding in effect that the trial court should have directed a verdict or granted the motion for judgment notwithstanding the verdict in favor of the landlord because the evidence did not raise an issuable fact with respect to the obligation of the landlord to make repairs to the apartment in the absence of which the tenant could not recover.

■ We are in accord with that holding. According to the undisputed evidence there was no express agreement that the landlord was obligated to make repairs to the apartment occupied by the tenant. The rule in this State and in most others is:

"Where there is no agreement by the landlord to repair the demised premises and he is not guilty of any fraud or concealment by failing to disclose hidden defects of which he has knowledge, the tenant takes the risk of their safety and the landlord is not liable to him or to any entering under his title or by his invitation for injuries caused by reason of their unsafe condition. 27 T. J. p. 354, sec. 209. Churchwell v. Pure Oil Pipe Line Co., 289 S. W. 196; Perez v. Raybaud, 76 Tex. 191, 13 S. W. 177, 7 L. R. A. 620." Morton v. Burton Lingo Lumber Co., 150 S. W. (2d) 239.

■ The tenant seems to concede the rule stated but contends that the landlord having made repairs to the apartment occupied by the tenant both before and after the accident and to other apartments in the same apartment building an implied obligation to make repairs thereby arose in favor of the tenant in this case. In 32 Am. Jur., p. 546, section 677, it is said:

"The fact that the landlord makes repairs does not impose on him a duty to keep the demised premises in repair or liable for damages for injuries caused by a failure to keep the premises in repair. The landlord's custom of making repairs does not import into the lease an agreement to keep the leased premises in repairs. The making of repairs does not constitute an admission of any duty to keep the leased premises in repair nor is

it evidence of an agreement to keep the leased premises in repair, nor does it operate to make a new or collateral agreement to keep the premises in repair."

See Brown v. Dwight Mfg. Co., 200 Ala. 376, 76 So. 292, L. R. A. 1917F 997 and annotation at page 998. To the same effect see 36 C. J., p. 125, sec. 766. In the Brown case, supra, the following quotation is taken from 1 Tiffany on Landlord and Tenant, p. 582, to wit: "That the lessor makes repairs voluntarily or at the lessees' request does not tend to show any agreement by him to make repairs." The real basis for the rule seems to be expressed in Sheets v. Selden, 7 Wall 423, 19 L. ed. 168, as ofllows:

"The tendency of modern decisions is not to imply covenants which might and ought to have been expressed, if intended. A covenant is never implied that the lessor will make any repairs." The obligation to make repairs is a very important element of a lease contract. The parties were free to contract with respect to this obligation as they desired. The agreement of the parties in suit, according to the undisputed evidence, is that nothing was said about the obligation to make repairs. In the case of Winstein v. Harrison, 66 Texas 546, 1 S. W. 626, it is said:

"A landlord is not bound to repair unless there be a covenant or agreement on his part to do so * * *. Appellant attempted to prove a custom among landlords in the City of Jefferson, where the rented premises were situated, to repair. The evidence as to this was conflicting. But, even if such custom had been clearly established, we cannot see that this would change the rights of the parties under the contract and the general principles of law applicable to it."

So it clearly appears that the Court of Civil Appeals properly sustained the landlord's points of error which complained of the trial court's action in overruling his motion for a directed verdict and his motion for judgment notwithstanding the verdict.

■ The tenant contends that the Court of Civil Appeals erred in rendering judgment in favor of the landlord rather than remanding the cause for another trial. Early decisions of this Court are cited in support of this contention such as Love v. Barber, 17 Texas 312. Article 2211 of Vernon's Annotated Civil Statutes, now incorporated in Rule 301, provides in part "that upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper * * *.

As we have seen under the evidence the trial court was authorized to grant the respondent's motion for judgment notwithstanding the verdict and, as stated above, the respondent complained of both actions of the trial court on appeal in the Court of Civil Appeals.

Rule 434 governing Courts of Civil Appeals provides:
"When the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain, in either of which case the cause shall be remanded for a new trial."

Under the facts of the present case none of the exceptions noted in the next above rule are applicable. We are in accord with the holding of the Court of Civil Appeals that the cause was fully developed in the trial court. Thus we are called upon to reverse an errorless judgment of the Court of Civil Appeals in order to allow the petitioner the opportunity of "probably" fixing liability against the respondent. While the Court of Civil Appeals and the Supreme Court have a wide discretion in determining whether or not a case should be remanded for a new trial or reversal the facts contained in this record do not present a case for the exercise of such discretion. All facts necessary to the determination of the rights of the parties made by the pleadings in the cause have been presented and passed on in the trial court. The trial court improperly rendered judgment in favor of the tenant. The Court of Civil Appeals properly reversed that judgment. The record shows that the case was fully developed. Under these circumstances it has been "the uniform practice of the appellate courts in Texas to render upon reversal the judgment that the court below should have rendered and not to remand the case." 3 Tex. Jur., p. 1234, sec. 863; Haynes v. The State, 100 Texas 426, 100 S. W. 912; Krause v. City of El Paso, 101 Texas 211, 130 Am. St. Rep. 831, 14 L. R. A. (N. S.) 582, 106 S. W. 121; Davenport et al v. Menshew et al, 104 S. W. (2d) 951 (writ refused); Drummond v. Benson, 133 S. W. (2d) 154 (writ refused).

Accordingly the judgment of the Court of Civil Appeals reversing the judgment of the trial court and rendering judgment in favor of respondent is correct and should be affirmed.

Opinion adopted by the Supreme Court July 7, 1943.

Rehearing overruled October 13, 1943.