**MISSOURI PACIFIC RAILROAD COMPANY, Appellant,**

v.

**WHITTENBURG & ALSTON, Appellee.**

**No. 4172.**

Court of Civil Appeals of Texas.

Eastland.

June 30, 1967.

Rehearing Denied July 21, 1967.

Kleberg, Mobley, Lockett & Weil, Corpus Christi, for appellant.

North, Bladmon & White, Corpus Christi, for appellee.

WALTER, Justice.

Whittenburg & Alston recovered judgment against Missouri Pacific Railroad Company for damages to two shipments of tomatoes from Laredo, Texas to Toronto, Ontario, Canada. The railroad has appealed. In order to shorten the record on appeal the parties stipulated that at the trial there was evidence to support each of the answers of the jury and there was evidence to the contrary. They further stipulated that the only questions on appeal are whether, accepting the verdict of the jury as valid, the court should have entered a judgment for the plaintiff, for the defendant or declared a mistrial. They also stipulated that neither party made any objections to the charge. The stipulation discloses that it is to be considered on appeal in lieu of a statement of facts.

The appellee sets forth two separate causes of action in its petition identical in all respects except as to the number of the car in which the shipment was made and the amount of damages. The tomatoes were transported in Car ART No. 50365 and Car PFE 63636. We will write on points relating to the shipment in the first numbered car which will also dispose of the points relating to the other shipment.

The jury found in answer to special issue number one that the tomatoes in the first numbered car upon arrival at Toronto, Ontario, Canada were in no worse condition than they should have been considering their quality and condition at Laredo, Texas.

The jury found that the condition of the tomatoes at destination was due entirely to one or more of the following:

"(a) The condition of the tomatoes when the bill of lading was signed at Laredo, Texas;

(b) The operation of natural laws upon such tomatoes;

(c) The inherent tendency, if any there be, of the tomatoes to deteriorate and decay."

The jury also found the reasonable cash market value of the tomatoes upon arrival in Toronto at the time and in the condition in which they should have been when delivered was $3,339.28, and that their value in the condition they were in when they were delivered was $2,092.23.

In Missouri Pacific Railroad Company v. Elmore & Stahl, 377 U.S. 134, 84 S.Ct. 1142, 12 L.Ed.2d 194, the United States Supreme Court said:

"It is settled that this statute has two undisputed effects crucial to the issue in this case: First, the statute codifies the common-law rule that a carrier, though not an absolute insurer, is liable for damage to goods transported by it unless it can show that the damage was caused by '(a) the act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; (e) or the inherent vice or nature of the goods.' "

"Second, the statute declares unlawful and void any 'rule, regulation, or other limitation of any character whatsoever' purporting to limit this liability."

"Accordingly, under federal law, in an action to recover from a carrier for damage to a shipment, the shipper establishes his prima facie case when he shows delivery in good condition, arrival in damaged condition, and the amount of damages. Thereupon the burden of proof is upon the carrier to show both that it was free from negligence and that the damage to the cargo was due to one of the excepted causes relieving the carrier of liability."

■ The appellee says: "Appellant complains in its 'Statement on All Points' that the plaintiff failed to establish a prima facie case. A prima facie case was established by the introduction of the Bill of Lading and the destination inspection certificate." We fail to find any evidence in the record that the Bill of Lading or the destination inspection certificate were introduced. No issue was presented to the jury asking whether the shipments were in good condition at origin. We cannot presume that matters omitted from the record sustains the judgment. In Warren Petroleum Corp. v. Martin, 153 Tex. 465, 271 S.W.2d 410 (1954), the court said:

"There is no evidence in this record that the petitioner used more land than was reasonably necessary. No issues were submitted to the jury on this question. The court cannot presume a finding unless the evidence supports such a finding. Therefore, respondent cannot recover on such theory."

■ The shipper failed to establish all the elements of a prima facie case. Having failed in discharging its burden of proof, judgment should not have been rendered for appellee.

The judgment is reversed and because the case was not fully developed and in the interest of justice the cause is remanded.