**MISSOURI PACIFIC RAILROAD COM-
PANY, Petitioner,**

v.

**WHITTENBURG & ALSTON, Respondent.**

No. B–449.

Supreme Court of Texas.

Jan. 31, 1968.

Kleberg, Mobley, Lockett & Weil, Leslie S. Lockett, Corpus Christi, for petitioner.

North, Blackmon & White, Jack E. A. White, Corpus Christi, for respondent.

POPE, Justice.

Whittenburg & Alston recovered judgment upon a jury verdict against Missouri Pacific Railroad Company for damages to two carloads of tomatoes they shipped from Laredo, Texas to Toronto, Ontario. On appeal to the court of civil appeals, the carrier urged that the jury findings supported a judgment for the carrier rather than the shipper. The intermediate court reversed the judgment of the trial court but for a different reason, holding that the shipper failed to introduce bills of lading and destination inspection certificates, documents necessary to the shipper's proof of a prima facie case. The court remanded the cause because it was not fully developed and in the interest of justice. Tex. Civ.App., 417 S.W.2d 489. We granted the carrier's application for writ of error on its point that the intermediate court should have rendered judgment in its favor. We also granted the shipper's application on its point that the intermediate court erred in its holding that the shipper failed to prove a prima facie case. We affirm the judgment of reversal, but render judgment for the carrier.

■ The court of civil appeals erred in holding that the shipper failed to prove a prima facie case. The parties, after entry of judgment, filed a stipulation to avoid the need for a statement of facts and also to narrow the issues on appeal. They agreed that there was evidence presented at the trial which supported each of the jury findings and also that there was evidence which would support a contrary finding. The parties agreed that neither party objected to the charge or requested other or additional issues, instructions or definitions. They further agreed that the only question to be urged on appeal was the nature of the judgment that the trial court should have rendered based upon the jury findings. Rule 370, Texas Rules Civ. Proc.

The basis of the judgment of the court of civil appeals was the shipper's failure to introduce bills of lading or inspection certificates which the court said were essential to its proof of a prima facie case. In their briefs before the intermediate court, the parties went behind the stipulation with statements of what was and was not offered in evidence. The stipulation foreclosed the court's going behind the agreement. Any question about the legal sufficiency of the proof in support of the findings was removed from the case by the agreement that the issues were developed from conflicting evidence on the trial. The nature of the judgment the trial court should have rendered on the jury findings was the only question on appeal. See, Guthrie v. National Homes Corporation, 394 S.W.2d 494 (Tex.Sup.1965); Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683 (1951).

The judgment of reversal was, however, a correct one, because the jury finding on the first special issue defeated the shipper's right of recovery. The trial judge submitted two separate sets of identical issues. The first four issues were submitted with reference to the first carload, and a like set was submitted for the other. We need only set forth the first set, for the applicable principles will govern both. The four issues submitted for the first load and the jury answers were:

"Special Issue No. 1: Do you find * * * that the tomatoes in Car ART No. 50365, upon arrival at Toronto, Ontario, Canada, were in worse condition than they should have been, considering their quality and condition at Laredo, Texas, when the bill of lading was signed, and that they were to be transported in accordance with the provisions of the bill of lading, and Plaintiff's instructions, and in a reasonably prudent manner as

to all matters not covered by the bill of lading or Plaintiff's Instructions?

Answer: No.

"Special Issue No. 2: Do you find from a preponderance of the evidence that the condition of the tomatoes in Car ART No. 50365 at the time of arrival in Toronto, Ontario, Canada, was due entirely to one or more of the following:

(a) The condition of the tomatoes when the bill of lading was signed at Laredo, Texas;

(b) The operation of natural laws upon such tomatoes;

(c) The inherent tendency, if any there be, of the tomatoes to deteriorate and decay.

Answer: Yes.

"Special Issue No. 3: What do you find from a preponderance of the evidence to be the reasonable cash market value of the tomatoes in Car ART No. 50365, upon arrival in Toronto, Ontario, Canada, at the time and in the condition in which they should have been delivered, considering their quality and condition when the bill of lading was signed at Laredo, Texas, and that they were to be transported from Laredo, Texas, to such final destination in accordance with the bill of lading, and Plaintiff's instructions, and in a reasonably prudent manner as to all matters not covered by the bill of lading and the Plaintiff's instructions?

Answer: $3339.28.

"Special Issue No. 4: What do you find from a preponderance of the evidence to be the reasonable cash market value of the tomatoes in Car ART No. 50365, in the condition and at the time in which such car arrived at Toronto, Ontario, Canada?

Answer: $2,092.23."

■ The shipper had the burden of obtaining favorable findings establishing both liability and damages. This court in Missouri Pacific Railroad Co. v. Elmore & Stahl, 368 S.W.2d 99 (Tex.Sup.1963) discussed the nature of the shipper's and carrier's respective burdens. The United States Supreme Court affirmed the judgment of this court. 377 U.S. 134, 84 S.Ct. 1142, 12 L.Ed.2d 194 (1964). The question in *Elmore & Stahl* was not the one presently before us, since it concerned the nature of the burden cast upon the carrier to escape liability once the shipper proved its prima facie case. The United States Supreme Court, however, in the course of its opinion summarized its conclusions about the respective burdens of proof in these words:

"* * * Accordingly, under federal law, in an action to recover from a carrier for damage to a shipment, the shipper established his prima facie case when he shows delivery in good condition, arrival in damaged condition, and the amount of damages. Thereupon, the burden of proof is upon the carrier to show both that it was free from negligence and that the damage to the cargo was due to one of the excepted causes relieving the carrier of liability. Galveston, H. & S. A. R. Co. v. Wallace, 223 U.S. 481, 492, 32 S.Ct. 205, 207, 56 L.Ed. 516, 523; Chicago & E. I. R. Co. v. Collins Produce Co., 249 U.S. 186, 191, 39 S.Ct. 189, 190, 63 L.Ed. 552, 554; Chesapeake & O. R. Co. v. Thompson Mfg. Co., 270 U.S. 416, 420–423, 46 S.Ct. 318, 319–320, 70 L.Ed. 659, 660, 661; Thompson v. James G. McCarrick Co., 5 Cir., 205 F.2d 897, 900."

■ The special issues submitted by the trial court did not inquire whether the cargo was delivered to the carrier in good condition and arrived in bad condition, as expressed in *Elmore & Stahl*. In fact, the shipper urges in its briefs that such a rule imposes a greater burden upon a shipper than the law requires. The shipper urges

also in its briefs on appeal that the burden imposed upon it by special issue 1 was too great, and that the trial court misplaced the burden of proof. Those complaints are not properly preserved for review on appeal. However inartful the issue may be, the shipper stipulated that neither party objected to the charge or requested other or additional instructions, issues, definitions or instructions as provided in Rules 272–274, Tex.Rules of Civ.Proc. The shipper waived any objection it may have had to the defects in special issue 1. Rule 272, Tex.Rules Civ.Proc.

 The jury's negative answer to special issue 1 affords no basis for the shipper's prima facie case of liability. Thus, the shipper turns to the jury findings to special issues 3 and 4 and says that they established both the carrier's liability and damages. The shipper urges that those issues are in the nature of a general charge; therefore, the answers adequately established its prima facie case. We regard those issues as damage issues and not as liability issues. In our opinion special issue 1 was submitted to determine specifically and directly whether the shipper established a prima facie case of liability and issues 3 and 4 were submitted and understood by the jury as value or damage issues. See Texas & Pacific Railway Co. v. Van Zandt, 159 Tex. 178, 317 S.W.2d 528 (1958); Garza v. San Antonio Transit Co., 180 S.W.2d 1006 (Tex.Civ.App.1944, writ ref. w.o.m.).

We conclude, therefore, that the judgment of the court of civil appeals reversing the judgment of the trial court was correct, not because the shipper failed to produce evidence, but because the jury refused, on conflicting evidence, to find for the shipper in response to the liability issue.

 The judgment of the court of civil appeals reversed the erroneous judgment of the trial court, but ordered the cause remanded to the trial judge for an-

other trial because the case was not fully developed and in the interest of justice. In Jackson v. Ewton, 411 S.W.2d 715 (Tex.Sup.1967) this court said that the power of an appellate court to remand under Rules 434 and 505, Tex.Rules Civ. Proc., must be exercised "upon a good and sufficient reason for so doing, reflected by the record." Neither party has suggested the existence of evidence other than that developed during the four days of trial. The stipulation of the parties shows that the only matter preserved for consideration on appeal was the nature of the judgment the trial court should have rendered upon the jury verdict. The record of this case discloses no reason for another trial. Yarbrough v. Booher, 141 Tex. 420, 174 S.W.2d 47, 150 A.L.R. 1369 (1943).

The judgment of the court of civil appeals is modified so as to render judgment that the shipper take nothing, and as so modified, is affirmed.