**Stephen Andrew CZIKORA et al., Appellants,**

**v.**

**Gladys Odom HUTCHESON et vir, Appellees.**

**No. 7065.**

Court of Civil Appeals of Texas.

Beaumont.

June 26, 1969.

Motion for Rehearing Overruled
July 17, 1969.

Renfrow, Zeleskey, Cornelius, Rogers & Berry, Lufkin, for appellants.

Joe H. Tonahill, Monte D. Lawlis, Jasper, for appellees.

PARKER, Chief Justice.

Gladys Odom Hutcheson and husband, W. J. Hutcheson, residents of Jasper County, Texas, sued Stephen Andrew Czikora and Akard Associates, Inc. for common law damages arising out of the collision of automobiles in Jasper, Jasper County, Texas, on December 22, 1967. The defendants, residents of Dallas County, Texas, filed their pleas of privilege to be sued in the county of their residence, which were overruled. Hence this appeal. The parties will be designated as they were in the trial court. Judgment of the trial court is reversed and judgment rendered sustaining the pleas of privilege of both defendants.

The plaintiffs would sustain venue in Jasper County under exceptions 9 and 9a of Article 1995, Vernon's Ann.Civ.St. An automobile in the collision was owned by defendant, Akard Associates, and driven by Czikora, who was an employee of Akard. His wife and children were in this car. The other car in the collision was a Buick driven by Mrs. Hutcheson. Paragraph III of plaintiffs' petition is:

"That the collision made the basis of this suit was proximately caused by the negligent ·acts of omission and commission of your defendants, both jointly and severally, and in combination thereof, in one or more or all of the following particulars, whether singularly, concurrently, or in combination thereof, to-wit:

"1. In operating his motor vehicle at a highly dangerous and excessive rate of speed under the circumstances then and there prevailing without adequate and proper control over same and while operating same without keeping a proper look-out for the traveling public.

"2. In failing to grant plaintiff's motor vehicle the right of way.

"3. In failing to bring his motor vehicle to the right where he had plenty and ample room to pass to the rear of the plaintiff's motor vehicle without crashing into same.

"4. In failing to apply his brakes and slowing his motor vehicle before crashing into the vehicle of the plaintiff."

Defendants were requested by plaintiffs to admit that Czikora was in the course and scope of his employment for Akard Associates, Inc. at the time of the collision. In their answer thereto, the defendants specifically denied such to be a fact.

The only evidence concerning the employment of Stephen Andrew Czikora, the ownership of the automobile he was driving at the time of the collision, and the course and scope of Czikora's employment for Akard Associates, Inc. at the time in question is from a deposition by Czikora quoted below:

"Q. And what is your employment?

"A. What kind of work I do or where?

"Q. Yes.

"A. I am an accountant. I work for Sammons Management Corporation.

"Q. How long have you worked for them?

"A. About seven and a half years. Incidentally, this was formerly Akard Associates. The name was changed in March of '67, I believe."

\* \* \* \* \* \*

"Q. Who owned the vehicle you were driving?

"A. My employer.

"Q. And was that a car that you generally used in your work, or was it assigned to you out of a car pool, or how ·did you happen to have it?

"A. It was more or less assigned to me in my work and in my pleasure, if I so desired.

"Q. You were authorized to use it in your employment of Sammons, Inc.,

and as well as your own personal social reasons?

"A. Right."

\* \* \* \* \* \*

"Q. Now, who was with you at the time of this collision?

"A. My wife and children.

"Q. And where had you left from that day and when?

"A. I left my home in Dallas, and I think it must have been 12:30 or 1:00 o'clock in the afternoon. I am not exactly sure.

"Q. And you were in route to spend the holidays or something with some relatives or something?

"A. Yes, with my wife's family in Crowley, Louisiana."

The collision in question occurred in Jasper County, Texas, between the Buick driven by Mrs. Hutcheson and an automobile driven by Czikora and owned by Arkard Associates, Inc. at the time of the collision. The suit was instituted in the District Court of Jasper County, Texas, where the collision occurred. Czikora and Akard Associates, Inc. filed their pleas of privilege in proper form to be sued in the county of their residence at all dates pertinent to venue, alleging their residence and principal place of business as being in Dallas County, Texas, and not in Jasper County, Texas. In their controverting affidavit, the plaintiffs relied upon exceptions 9 and 9a of Article 1995, Texas Revised Civil Statutes. Exception 9 to Article 1995 is not applicable. Subdivision 9a requires:

" \* \* \* The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

"1. That an act or omission of negligence occurred in the county where suit was filed.

"2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

"3. That such negligence was a proximate cause of plaintiff's injuries."

■ The fact that the vehicle driven by Czikora, an employee of Akard, was owned by Akard Associates, Inc. gives rise to the presumption that Czikora was within the course and scope of his employment by Akard. Upon contrary evidence being introduced, this presumption vanishes. There is no evidence that Czikora was in the course and scope of his employment by Akard Associates, Inc. at the time of the collision. Empire Gas & Fuel Co. v. Muegge, 135 Tex. 520, 143 S.W.2d 763 (1940); Pioneer Mutual Compensation Co. v. Diaz, 143 Tex. 184, 177 S.W.2d 202 (1944); and Whittle v. Saunders, 396 S.W. 2d 155 (San Antonio Tex.Civ.App., 1965, no writ).

Defendants have contended in their first point of error that the trial court erred in overruling the plea of privilege filed by Akard Associates, Inc. because there is no evidence to support the trial court's implied finding that Czikora committed any acts or omissions of negligence while in the course and scope of his employment for Akard Associates, Inc. Such point of error is sustained.

The plea of Czikora requires us to make a more detailed statement of the evidence. This we do, recognizing the rule which requires us to examine the evidence in the light most favorable to the implied findings of the court.

MRS. HUTCHESON'S TESTIMONY:

The collision occurred between 4 and 5 o'clock in Jasper, when Mrs. Hutcheson, driving her car north on Bevil Loop, arrived at its intersection with Highway 190, which runs east and west. There is a sign requiring Bevil Loop travelers to stop,

which is located two car lengths south of Highway 190. A Highway Patrol car on Bevil Loop was stopped at the stop sign and she stopped behind it. The Highway Patrol car proceeded into the intersection, turning to the right and proceeded on. Highway 190 is a four-lane highway with an esplanade in the center. Mrs. Hutcheson pulled up where the patrol car had stopped at the stop sign. She looked, finding the cars to the north were stopped, "and there were not any cars coming from the east or west when I started on the highway." She looked to her left, which is west. She looked left, right, and in front, "and no vehicles moving in any direction." Cars coming from Newton would be coming from her right. When she pulled out in the highway, she did not see any vehicle coming from Lufkin (to the north) or Woodville (to the west). She saw Czikora's car for the first time when it was the length "of this room" from her. Her attention was directed toward this automobile by hearing the screeching of brakes, and when she looked to her left "there he was, right almost making impact then." It was her intention to make a left-hand turn from Bevil Loop and go west on Highway 190. The collision occurred when the front of her car was entering "into the complete turn to the left." The Czikora car was in the inside lane, next to the esplanade. Highway 190 had two lanes for traffic and an improved shoulder on each side. There were concrete islands where you do not drive. The hood of her car had reached the concrete curb when Czikora hit the center of her car at the center post and front door. She knew of no witnesses to the accident other than the occupants of the two cars. No one had told her of other witnesses. Police investigated the accident, not the Highway Patrol car occupant. She did not talk to Mr. Czikora or his wife. She was moved to the hospital. (Details as to her injuries, etc. omitted.) She explained why she did not see Czikora's car until immediately before the collision as follows:

"Q. Mrs. Hutcheson, I think we can agree that the other car was out there somewhere before you saw it at approximately forty feet. Do you have any explanation as to why you didn't see it before it got that close to you? Anything that blinded your vision or anything of that sort?

"A. Well, there is a hill between this location where the accident is. There is a rise. And the only explanation I can give, that he was the other side of the rise, and then came over the rise, and was directly on me. The rise isn't too far from the intersection.

"Q. What I am getting at, there weren't any trucks parked on the shoulder or other vehicles?

"A. No. It is a wide parking area. A wide turn off place in the pavement left there, and a wide area in front of Yeates & Neely's place of business."

She was driving a '67 Electra custom sedan (Buick). Czikora was driving a lighter car, a Ford. The center post of her car was pushed in, the front seat moved, with the side and frame moved into the seat. From such facts she testified:

"I would say he was going at an extremely fast speed with him doing as much damage as he did, his being a lighter car."

## ANALYSIS OF MRS. HUTCHESON'S TESTIMONY:

From her testimony, all that can be said is that she knew she had been in an accident, but did not know what, if any, negligent acts of omission or commission of the defendants proximately caused the collision.

## TESTIMONY OF CZIKORA:

He was traveling east on State Highway 190 at a speed of 55 to 60 miles an hour, within the speed limit of 60 miles, according to a sign he was passing when he first saw

plaintiffs' car, 100 feet or more from the intersection, traveling slowly toward the intersection. He saw a Highway Patrol car ahead of her car enter the intersection and cross Highway 190. Plaintiffs' car was not in the intersection when he first saw it, but moving slowly toward it. At that time he could have stopped his car without difficulty. He was in the right lane and not in the lane next to the esplanade. The collision occurred in his right lane, but plaintiffs' car moved forward after the collision 10 or 15 feet. When he saw Mrs. Hutcheson's car out in the intersection, he put on his brakes. According to measurements of the police, he skidded 40 or 45 feet before the impact. He stated that if he had had another three feet he would not have hit the other car. He did not see plaintiffs' car after it was approaching the intersection until he saw it enter the intersection. He promptly applied his brakes, but continued in a straight line, because he could not determine whether the driver of the other car would stop, speed up, or turn. He could not turn to his right and was afraid to turn to his left. He went straight ahead.

■ The depositions of Mrs. Hutcheson and Mr. Czigora are all we have before us, together with the Transcript. No findings of fact or conclusions of law were made by the trial judge. The evidence only favorable to the implied findings of the trial court is considered in passing upon the no-evidence points of defendants. We sustain defendants' points of error nos. 2 through 7 contending that the trial court erred in overruling the pleas of privilege filed by both defendants because there is no evidence:

> "[a] * * * to support the Trial Court's implied finding that Stephen Andrew Czikora was negligent in operating his vehicle at a highly dangerous and excessive rate of speed under the circumstances then and there existing.

> "[b] * * * to support the Trial Court's implied finding that Stephen Andrew Czikora failed to keep a proper lookout on the occasion in question.

> "[c] * * * to support the Trial Court's implied finding that Stephen Andrew Czikora owed a duty to yield the right-of-way to the automobile being operated by Gladys Odom Hutcheson.

> "[d] * * * to support the Trial Court's implied finding that Stephen Andrew Czikora was negligent in failing to guide his vehicle to the right and pass behind the automobile being driven by Gladys Odom Hutcheson.

> "[e] * * * to support the Trial Court's implied finding that Stephen Andrew Czikora was negligent in failing to apply the brakes on the vehicle he was operating.

> "[f] * * * to support the Trial Court's implied finding that any conduct on the part of Stephen Andrew Czikora was in any manner a proximate cause of the collision in question or the injuries sustained by Gladys Odom Hutcheson."

In so doing, we see no reason to discuss the evidence except upon the allegations of plaintiffs that the collision was proximately caused by the negligent acts of omission and commission of defendants "in failing to bring his motor vehicle to the right where he had plenty and ample room to pass to the rear of the plaintiff's motor vehicle without crashing into same." This is, in effect, an allegation of discovered peril. We will consider this upon the principles announced in Safeway Stores, Inc. v. White, 162 Tex. 473, 348 S.W.2d 162 (1961). To raise the discovery issue, it was only necessary to establish that Czikora realized the plaintiff, Mrs. Hutcheson, was pursuing and probably would continue a course that was likely to result in her

being injured. There is no direct evidence that Czikora knew and realized his perilous position until he applied his brakes. It does not reasonably appear from the facts and circumstances in Czikora's knowledge that the plaintiff, Mrs. Hutcheson, in all probability would continue on her course into the intersection. Czikora testified that Mrs. Hutcheson was on Bevil Loop moving slowly toward its intersection with Highway 190 from 100 feet or more from the intersection. He could have stopped his car without any difficulty at that point and avoided the collision. He had the right-of-way on State Highway 190. She had not arrived at the stop sign. He saw a Highway Patrol car on Bevil Loop ahead of Mrs. Hutcheson's car cross the intersection. Behind the Highway Patrol car was the Hutcheson car. He did not see her stop at the stop sign or at any time thereafter until she had entered the intersection, when he promptly applied his brakes.

Again applying the Safeway Stores, Inc. v. White case, supra, to the instant case, the trial court is free to disbelieve Czikora's statement that he did not realize there was any danger until he applied his brakes and skidded some 40 or 45 feet on the pavement before the impact with Mrs. Hutcheson's car, but Czikora's testimony in that respect is not evidence that the opposite of what he said was true. There is no direct evidence bearing on the question other than Czikora's testimony. The facts and circumstances proven do not point to realization on his part of peril until he applied his brakes. Looking at the Highway Patrol car, after seeing Mrs. Hutcheson's car slowly approaching the intersection is not the conduct of one who had just realized that Mrs. Hutcheson's car and its occupants were in danger of serious injuries. Mrs. Hutcheson was not in such immediate danger slowly approaching the intersection with a stop sign barring her from entry into the intersection unless it was safe for her so to do, that Czikora then seeing her would necessarily have been aware of her placing herself and her car in peril by entering the intersection. Since Czikora could see her, he had good reason to believe that she could see him.

Quoting from Safeway Stores. Inc. v. White, supra:

"The 'could have' or 'should have' standard for measuring the proof required to raise the discovery issue has never been recognized by this Court and will not be adopted now. Actual discovery is an essential element of the doctrine of discovered peril as applied in Texas. If the rule were otherwise, a plaintiff could recover notwithstanding his own contributory negligence by proving that the defendant was guilty of nothing more than primary negligence in failing to discover his peril. The trier of fact is not required to accept the testimony of the defendant or his agent, and discovery may be established by circumstantial evidence. Where there is no direct evidence raising the issue, however, the plaintiff must prove facts and circumstances from which it can fairly be inferred that the defendant did actually become aware of the peril."

This latter proof above mentioned is not in this record.

The drivers of the two cars involved in the collision testified. The plaintiff driver testified she knew of no witnesses other than the occupants of the two cars. No suggestion has been made that other testimony was needed or that the case had not been fully developed. In passing upon the pleas of privilege of defendants to be sued in the county of their residence, such basic and valuable right should be protected unless the plaintiff discharges the burden of proving one of the well-defined exceptions to Article 1995 entitling the plaintiff to maintain suit in a county other than defendants' residence. Newlin v. Smith, 136 Tex. 260, 150 S.W.2d 233 (1941).

The judgment of the trial court must be reversed. No reason exists to remand. Jackson v. Ewton, 411 S.W.2d 715 (Tex.

Sup., 1967); Yarbrough v. Booher, 141 Tex. 420, 174 S.W.2d 47, 150 A.L.R. 1369 (1943); Missouri Pacific R. Co. v. Whittenburg & Alston, 424 S.W.2d 427 (Tex. Sup., 1968). Therefore, the judgment of the trial court is reversed and judgment here rendered sustaining the pleas of privilege of defendants, Stephen Andrew Czikora and Akard Associates, Inc., with instructions that this cause be transferred to the District Court of Dallas County, Texas.